HARRISON F. WATERMAN, Appellant, *v.* NEW YORK LIFE INSURANCE AND TRUST COMPANY, as Trustee under the Will of JOHN C. CARPENTER, Deceased, et al., Respondents.

**Will — testamentary trust — power in will that proceeds of real property be paid over to such one of testator's nephews as his widow may direct by will — provision that proceeds become part of residuary estate if the widow failed to exercise the power — when such proceeds must be divided among beneficiaries of residuary estate and not given to heir at law or nephews of decedent.**

1. A testamentary power to give to such as a donee may select of a class may be considered as including the whole class, for although any may be selected, yet the whole may be objects of the power;

whereas a power to appoint to such one of a class as a person may name, authorizes a gift to one only of the class; no larger number, much less the whole class, can be made objects of the power.

2. Testator devised his homestead and its contents to his wife during her life, " giving to her full power of disposing of the same by will to such one of my surviving brothers or to such one of my nephews of my own blood as she may deem fit to receive the same." If the property was sold, while the life estate continued, the proceeds of the same were to be turned over to a trustee and thereafter were to form a portion of the residuary estate. The residuary estate was given to a trustee to pay the income to the wife during life " and on her decease to divide and pay over said principal trust fund in equal shares to my surviving brothers and sisters; except that in case of the sale of my homestead hereinbefore given to my wife for her natural life, the proceeds of such sale are to be paid over on her death to such one of my nephews of my own blood as she may by will direct." The homestead was sold during the life of the wife but she died without exercising the power to give the proceeds of the sale to any one of testator's nephews. At the time of her death there were living one grandson of testator, eight nephews and several brothers and sisters. The power of appointment having failed, the proceeds of the sale must be distributed as part of the residuary estate.

3. It is contended that the proceeds of the sale of the homestead should be divided among testator's nephews. The statute (Real. Prop. Law, § 160; Cons. Laws, ch. 50) provides that " If the trustee of a power, with the right of selection, dies leaving the power unexecuted, its execution must be adjudged for. the benefit, equally, of all the persons designated as beneficiaries of the trust;" but division is to be made in accordance with this section in those cases and those only where some other division is not directed, either expressly or by implication, in default of appointment. Here, there are other directions. The nephews as a class are not " the persons designated " by the testator " as the beneficiaries of the trust." The widow was not authorized to select as many nephews as she chose, or more than one or all. Her choice must be confined to one. Division among all the nephews would frustrate the testator's purpose if it were effected through any act of hers. It would equally frustrate his purpose if itwere effected through the law. The proceeds of the homestead cannot, therefore, be divided among testator's surviving nephews.

*Waterman* v. *N. Y. Life Ins. & Trust Co.,* 204 App. Div. 12, affirmed.

(Argued November 28, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 8, 1923, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

*Robert H. Koehler* for appellant.   Where the language of a will is susceptible of a construction which will avoid disinheriting the issue of a child, or of an heir, that construction should be adopted.   (*Scott* v. *Guernsey,* 48 N. Y. 120; *Low* v. *Harmony,* 72 N. Y. 408; *Matter of Brown,* 93 N. Y. 295.)   The trust power contained in the 2d paragraph of the will is imperative, and is such a power as could be enforced by this court, except for the fact that there is no person or class of persons in being having a right to all or a part of the homestead fund and who can demand its conveyance to them, and in case such demand is refused, may sue the trustees in a court of equity and compel compliance with the demand.   The life tenant having failed to execute the power of disposition in her lifetime, the court is powerless to decree its execution, and title to the " homestead," therefore, remained vested in the heir at law.   (*Tilden* v. *Green,* 130 N. Y. 29.)   By the failure of the life tenant to exercise the power of disposition given in the 2d paragraph of the will, the heir of the testator holds the fee to the homestead, or the proceeds of sale thereof, freed from the power.   (*Webb* v. *Sanford,* 11 N. Y. S. R. 731; 112 N. Y. 680.)   Upon default in the execution of the power by the donee, our courts are powerless to decree the execution of an imperative power in trust in favor of one of a class as distinguished from a whole class, either under section 160 of the Real Property Law or under the 3d clause of testator's will.   (*Webb* v. *Sanford,* 11 N. Y. S. R. 731; 112 N. Y. 680; Sugden on Powers [8th ed.], 448, 593, 590; *Brown* v. *Higgs,* 4 Ves. 708; *Tilden* v. *Green,* 130 N. Y. 29.)   The homestead fund can in no

event become a part of the residuary estate. (*Matter of Hoffman*, 201 N. Y. 247; *Wright* v. *Wright*, 225 N. Y. 329; Thompson on Wills, 308; *Page* v. *Leapingwell*, 18 Ves. 463; *Wright* v. *Weston*, 26 Beav. 429; *Lloyd* v. *Lloyd*, 4 Beav. 231; *Green* v. *Pertwee*, 5 Hare's Ch. 249; *Stetson* v. *Eastman*, 84 Me. 366; *Floyd* v. *Barker*, 1 Paige, 480; *Beekman* v. *Bonsor*, 23 N. Y. 298; *Kerr* v. *Dougherty*, 79 N. Y. 327; *Hard* v. *Ashley*, 117 N. Y. 606; *Booth* v. *Baptist Church*, 126 N. Y. 215; *Morton* v. *Woodbury*, 153 N. Y. 243; *Matter of Hoffman*, 201 N. Y. 247; *Matter of Woolley*, 78 App. Div. 224.)

*Joseph K. Savage* for trustee, respondent. An intestacy as to any part of a testator's estate is to be avoided, if possible. (*Morton* v. *Woodbury*, 153 N. Y. 253; *Meeks* v. *Meeks*, 161 N. Y. 66; *Newcomb* v. *Newcomb*, 33 Misc. Rep. 199; *Matter of Tomargo*, 170 App. Div. 10; *Matter of Foley*, 104 Misc. Rep. 503.) In the absence of a contrary intention found in the will, any part of the testator's estate not legally disposed of becomes a part of the residuary estate and passes under the residuary clause embracing both real and personal property. (*Youngs* v. *Youngs*, 45 N. Y. 254; *Cruikshank* v. *Home for the Friendless*, 113 N. Y. 337; *Matter of Allen*, 151 N. Y. 243; *Matter of Miner*, 146 N. Y. 121; Gerard's Titles to Real Estate [5th ed.], 371; Fowler's Real Prop. Law, 467, n. 40; Jessup-Redfield's Surrogates' Practice, 1199, 1200; *Langley* v. *Westchester Trust Co.*, 180 N. Y. 326; *Moffett* v. *Elmendorf*, 152 N. Y. 475; *Matter of Benson*, 96 N. Y. 499; *Albany Hospital* v. *Albany Guardian Society*, 214 N. Y. 435; *Endress* v. *Willey*, 122 App. Div. 100; 197 N. Y. 541; *Benedict* v. *Salmon*, 177 App. Div. 585; 223 N. Y. 707.)

*Eben H. P. Squire* and *Farrington M. Thompson* for Dayton W. Carpenter et al., respondents. The proceeds of the sale of the real estate mentioned in the 2d

paragraph of the will are a part of the residuary estate. (*Camman* v. *Bailey,* 210 N. Y. 19; *Roosa* v. *Harrington,* 171 N. Y. 341; *Matter of Tienken,* 131 N. Y. 391; *Robinson* v. *Martin,* 200 N. Y. 159; *Matter of James,* 146 N. Y, 78.) In the construction of wills intestacy is to be avoided. (*Matter of Ossman* v. *Von Roemer,* 221 N. Y. 381; *Hang* v. *Shumacher,* 166 N. Y. 506; *Kalish* v. *Kalish,* 166 N. Y. 368; *Meeks* v. *Meeks,* 161 N. Y. 66; *Lamb* v. *Lamb,* 131 N. Y. 227; *Schult* v. *Noll,* 132 N. Y. 122; *Hadcox* v. *Cody,* 213 N. Y. 570.)

*William A. Sawyer* for Willis C. Burns et al., respondents. The will of the testator, John C. Carpenter, created an imperative trust power in his wife, Theresa L. Carpenter, whose failure to execute it did not extinguish it, and its execution devolves upon the court to distribute the proceeds of the sale of the " homestead place " equally among all the nephews of the testator's blood who survived his wife. (*Holland* v. *Alcock,* 108 N. Y. 312; *Smith* v. *Floyd,* 140 N. Y. 337; *People* v. *Powers,* 147 N. Y. 104; *Towler* v. *Towler,* 142 N. Y. 371; *Meldon* v. *Devlin,* 31 App. Div. 146; 167 N. Y. 573; *MacLean* v. *MacLean,* 174 App. Div. 152; 223 N. Y. 695; *Dominick* v. *Sayre,* 3 Sandf. 555; *Loosing* v. *Loosing,* 85 Neb. 66; *Wilson* v. *Van Epps,* 38 Misc. Rep. 486; *Morgan* v. *Sanborn,* 225 N. Y. 454.) It is perfectly clear from the language of the will itself that it was the intention of the testator to make the proceeds of the sale of the " homestead " a portion of his residuary estate. (*Camman* v. *Bailey,* 210 N. Y. 19; *Matter of Foley,* 104 Misc. Rep. 503; *Matter of Ossman* v. *Von Roemer,* 221 N. Y. 381.)

CARDOZO, J. John C. Carpenter, who died in 1917, left his homestead with its contents to his wife Dora during her life, " giving to her full power of disposing of the same by will to such one of my surviving brothers or to such one of my nephews of my own blood as she may

deem fit to receive the same." If the property was sold while the life estate continued, the proceeds of the sale were to be turned over to a trustee and thereafter were to form a portion of the residuary estate. The gift of the residuary estate is to the New York Life Insurance and Trust Company as trustee to pay the income to the wife during life, " and on her decease to divide and pay over said principal trust fund in equal shares to my surviving brothers and sisters; except that in case of the sale of my homestead hereinbefore given to my wife for her natural life, the proceeds of such sale are to be paid over on her death to such one of my nephews of my own blood as she may by her will direct."

The homestead was sold during the life of the wife, but she did not exercise the power to direct the payment of the proceeds to one of the surviving nephews. The plaintiff, a grandson, contends that by force of this omission the testator died intestate to that extent, and that the proceeds belong to him as surviving heir at law. The nephews, eight in number, contend that in default of an appointment to one of them, the law will direct a division equally among them all. The brothers and sisters contend that the proceeds belong to them as donees of the residuary estate.

We think division among the nephews equally is forbidden by the will. Section 160 of the Real Property Law (Consol. Laws, chap. 50) provides: " If the trustee of a power, with the right of selection, dies leaving the power unexecuted, its execution must be adjudged for the benefit, equally, of all the persons designated as beneficiaries of the trust " (cf. §§ 157, 158). Division is to be made in accordance with this section in those cases and those only where some other division is not directed, either expressly or by implication, in default of the appointment. There are other directions here. The nephews as a class are not " the persons designated " by the testator " as the beneficiaries of the trust." He

has made it plain that he had no such meaning. The wife is not authorized to select as many nephews as she chooses, one or more than one or all. On the contrary, she is repeatedly admonished that her choice must be confined to one. Division among all the nephews would frustrate the testator's purpose if it were effected through any act of hers. It would equally frustrate his purpose if it were effected by the law. Cases may indeed be found where from slight and dubious tokens, the courts have drawn the inference of " a general intention in favor of a class " (*Burrough* v. *Philcox*, 5 My. & Cr. 72, 92; Sugden on Powers [8th ed.], §§ 6, 7, 8). In none of them had the intention been distinctly negatived as here. This case finds a parallel to some extent in *Brown* v. *Higgs* (4 Ves. 708), where the gift, following an estate tail, was to " one of the heirs of the sons of my nephew Samuel Brown as he shall direct by a conveyance in his life time or by his will." The opinion was expressed, though the point was not decided, that in default of the exercise of the power there could be no division among the sons. Sugden, commenting on the case, puts the underlying principle before us in a sentence: " A power to give to such as a donee may· select of a class may be considered as including the whole class, for although any may be selected, yet the whole may be objects of the power; whereas a power to appoint to such one of a class as a person may name, authorizes a gift to one only of the class; no larger number, much less the whole class, can be made objects of the power " (Sugden on Powers [8th ed.], p. 593, § 17; cf. *In re Llewellyn's Settlement*, 1921, 2 Ch. D. 281, 290). In the will before us now, the restriction of the choice to one is stated with industrious iteration. · We cannot disregard it as casual or meaningless.

The power of appointment failing, the question remains whether the proceeds of the sale are to be distributed as upon intestacy or as part of the residuary estate.

The latter, we think, is the clear mandate of the will. The heir at law contends that the gift of a residue is not augmented by the failure or lapse of another portion of the residue (*Wright* v. *Wright*, 225 N. Y. 329, 340). The rule, though often deplored, has been thought to be settled by authority (*Wright* v. *Wright*, *supra*). It is without pertinency here. No gift of the residue or of any part of it has failed through the omission to execute the power of appointment. Subject only to the life estate and to the execution of the power, the whole residue was given to the brothers and sisters, and title passed to them at once. Title would, indeed, have been divested if the appointment had been made. The effect of the failure to appoint is merely that title is maintained. The gift of the residue has not lapsed. It has been continued and confirmed.

We cannot doubt that this construction gives effect to the testator's purpose. There is a struggle always to avoid intestacy (*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381, 387). This testator would surely wish that the struggle should succeed. The heir at law who claims the proceeds is his descendant through a divorced wife. The will reveals his purpose that neither she nor her issue should share in his estate.

The judgment should be affirmed with costs.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.