In the Matter of the Will of ELEANOR FORDE, Deceased.
HARRY FORDE et al., Appellants; ALFRED B. MACLAY, as Executor of ELEANOR FORDE, Deceased, et al., Respondents.

Argued June 19, 1941; decided July 29, 1941.

*William Francis Corson* and *Edwin F. X. Silk* for appellants. The decisions of the courts below are erroneous. (*Terry* v. *Wiggins*, 47 N. Y. 512; *Hatch* v. *Bassett*, 52 N. Y. 359; *Matter of Smith*, 131 N. Y. 239; *Matter of McClure*, 136 N. Y. 238; *Dreyer* v. *Reisman*, 202 N. Y. 476; *Rose* v. *Hatch*, 125 N. Y. 427.) The fact that the will makes no specific disposition of the remainder does not destroy the trust and enlarge the bequest to a fee. (*Phillips* v. *Wisner*,

75 Misc. Rep. 278; *Matter of Blake*, 50 Misc. Rep. 672.) The trustee has no right to invade the corpus of the trust estate for the benefit of testatrix's sister. (*Matter of McKeogh*, 151 Misc. Rep. 327; *Matter of Kohler*, 96 Misc. Rep. 443; *Matter of Littman*, 165 Misc. Rep. 285; *Matter of Cushman*, 143 Misc. Rep. 432; *Matter of Eckam*, 237 App. Div. 463; *Matter of Smith*, 131 N. Y. 239; *Matter of Kearney*, 258 App. Div. 39.)

*Morris H. Panger*, as special guardian for Jeanne Forde, an infant, respondent. The will does not absolutely bequeath the estate to testatrix's sister. (*Terry* v. *Wiggins*, 47 N. Y. 512; *Matter of Turner*, 208 N. Y. 261; *Salter* v. *Drowne*, 205 N. Y. 204; *Matter of Grossman*, 131 Misc. Rep. 526; *Matter of Blanch*, 126 Misc. Rep. 421; *Champlin* v. *Champlin*, 58 N. Y. 620.) The will does not disclose any intent by testatrix to disinherit any of her lineal descendants. (*Champlin* v. *Champlin*, 58 N. Y. 620; *Low* v. *Harmony*, 72 N. Y. 414; *Matter of Tamargo*, 220 N. Y. 225; *Salter* v. *Drowne*, 205 N. Y. 204; *Robbins* v. *McClure*, 100 N. Y. 328.) The will being holographic must be construed in that light. (*Matter of Mahlstedt*, 140 Misc. Rep. 245.) There is no right to invade the corpus of the trust estate. (*Matter of McKeogh*, 151 Misc. Rep. 327; *Matter of Solomon*, 149 Misc. Rep. 551.)

*Orrin G. Judd, Martin A. Schenck* and *Frederick van B. Joy* for Alfred B. Maclay, as executor, respondent. The natural meaning of the will is to give decedent's entire estate to her sister outright. (*Matter of Hayes*, 263 N. Y. 219; 264 N. Y. 459.) The will should be construed as making an outright gift. (*Matter of Marsullo*, 160 Misc. Rep. 148; 254 App. Div. 849.) Words of outright gift will not be cut down by subsequent language unless such an intent is unmistakably indicated. (*Banzer* v. *Banzer*, 156 N. Y. 429; *Clarke* v. *Leupp*, 88 N. Y. 228; *Matter of Hayes*, 263 N. Y. 219; 264 N. Y. 459; *Matter of Peters*, 69 App. Div. 465; *Bennett* v. *McLaughlin*, 125 App. Div. 172; *Ottman* v. *Allter*, 212 App. Div. 80; 242 N. Y. 525; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Tillman* v. *Ogren*, 227

N. Y. 495.) A construction which results in intestacy will be avoided. (*Waterman* v. *New York Life Ins. & Trust Co.*, 237 N. Y. 293; *Matter of Hayes*, 263 N. Y. 219.) The failure to provide for any remainder over is evidence that an outright gift was intended. (*Matter of Marsullo*, 160 Misc. Rep. 148; 254 App. Div. 849; 255 App. Div. 759; *Matter of Moehring*, 154 N. Y. 423; *Ryder* v. *Lott*, 123 App. Div. 685.) The circumstances surrounding the testatrix support the conclusion that an absolute bequest was intended. (*Langnes* v. *Green*, 282 U. S. 531; *Handy* v. *Metropolitan Street R. Co.*, 70 App. Div. 26; *Zinaman* v. *Stivelman*, 246 App. Div. 851; 272 N. Y. 580; *Matter of Smith*, 254 N. Y. 283; *Matter of Miner*, 146 N. Y. 121.)

RIPPEY, J. This is an appeal from an order of the Appellate Division, first department, unanimously affirming the decree of the Surrogate which held that the will being construed made an outright gift of decedent's property to the sister of the testatrix.

The will was in the handwriting of the testatrix and read as follows:

" Carlton House
22 East 47th Street,
New York City—N. Y.
July 10th 1926—

" I, Eleanor Forde, of the above address, do hereby bequeath all my real and personal estate, I may die possessed of to my sister Emily Forde, of Brighton, Ontario, Canada, for her maintenance, as long as she lives, the estate to be administered by Alfred Barmore Maclay, 14 East 84th St., N. Y. City, N. Y., according to his judgment.
" I hereby appoint Alfred Barmore Maclay executor without bond.
" I declare this to be my last Will and testament.

" Signed
ELEANOR FORDE.
" Witness —
GEORGINA M. ONET
VICTOR M. ONET "

Appellants assert that the language of the will clearly manifests an intention to grant less than absolute fee. It is their contention that under the will Emily Forde was given only a life estate, that the income therefrom should be used by the trustee, Mr. Maclay, to maintain her during her life and that the remainder should pass by intestacy to the appellants.

The gross estate of the testatrix at the time of her death amounted to less than $35,000, of which $11,000 was invested in income-producing securities and the balance was held in cash. Her sister was her nearest next of kin and was sixty-nine years old and in "fairly good health" and apparently the only one deceased had in mind when she made her will. A strong bond of affection existed between the two sisters. They traveled together extensively in this country, in Canada and abroad; they made it a point to be together each summer. Deceased never visited her nephews, the appellants, or her grandniece. Alfred Barmore Maclay, who was named in the will as executor, had been acquainted with the decedent for many years. She had been a trained nurse and companion to his mother. He and deceased had many contacts after his mother's death.

It seems clear that it was the intention of the testatrix as shown by her will to give her property to her sister absolutely and not merely the life use thereof. She attempted to do so in the best way that she knew how with her limited knowledge of the use of legal expressions and her attempt should not be frustrated by a strained construction. There are some considerations which, with other facts and circumstances, furnish aid in determining her true intent. (1) Having gone to the trouble to make the will, she cannot be presumed to have intended to die intestate as to the bulk of her property. The mere fact that she made her will raises a strong presumption to the contrary. (*Schult* v. *Moll*, 132 N. Y. 122, 127; *Hadcox* v. *Cody*, 213 N. Y. 570; *Waterman* v. *N. Y. Life Ins. & Trust Co.*, 237 N. Y. 293.) There would be an intestacy as to the remainder if the will were to be construed as giving the sister merely

a life use. If the will is construed as conveying an absolute gift to the sister of the whole estate, however, there is no intestacy. (2) Had the deceased intended that the sister should have only the income during her life, it seems that she would have declared what was to be done with the remainder. The fact that she did not so declare is some evidence that the gift to her sister was to be absolute. (3) In the first part of the will testatrix bequeaths the property absolutely to the sister and it has frequently been held that such a bequest should not be cut down by subsequent words unless an intent so to do is unmistakably indicated. (*Banzer* v. *Banzer*, 156 N. Y. 429, 435; *Tillman* v. *Ogren*, 227 N. Y. 495.) The subsequent words she used may readily be construed to refer to the purpose which the testatrix had in mind in making the outright gift, namely, to give the property to the only one who was really near to her and the only real object of her bounty to provide for her for life and to make sure her property would be used for the sister's care and not dissipated by placing it in the hands of her trusted friend and advisor for administration. There is no unmistakable indication in the words and expressions used that she intended to cut down the estate from an absolute gift and to limit the gift to the income of a trust for life.

The order appealed from should be affirmed, with costs to both parties payable out of the estate.

Lewis, J. (dissenting). In the petition for the probate of the will of Eleanor Forde, the named executor asked for a construction to determine whether by the single dispository clause the testatrix intended that her sister should take the entire net estate as a gift absolute, or should enjoy the life use of a trust of which the net estate should constitute the principal.

The Appellate Division has unanimously affirmed a decree by the Surrogate who construed the will as intending an outright gift of the net estate. The proceeding is here by our leave.

The will is holographic. It provides:

> " Carlton House
> 22 East 47th Street
> New York City — N. Y.
> July 10th 1926 —

" I, Eleanor Forde, of the above address, do hereby bequeath all my real and personal estate I may die possessed of to my sister, Emily Forde, of Brighton, Ontario, Canada, for her maintenance, as long as she lives, the estate to be administered by Alfred Barmore Maclay, 14 East 84th St. N. Y. City N. Y. according to his judgment.

" I hereby appoint Alfred Barmore Maclay executor without bond.

" I declare this to be my last Will and testament.

> " Signed
> " ELEANOR FORDE
> " Witness—
> GEORGINA M. ONET
> VICTOR M. ONET."

" Where, upon inspection of the will and upon a consideration of relevant facts and circumstances, an intent is apparent, all rules to the contrary must yield; provided that intent does not offend against public policy, or some positive rule of law." (*Robinson* v. *Martin*, 200 N. Y. 159, 164; and see *Matter of Watson*, 262 N. Y. 284, 293.) In this case I believe the language of the will, when considered in the light of the " relevant facts and circumstances," indicates an intent by the testatrix to create a trust for her sister — a woman " sixty-eight or sixty-nine " years of age, who was in " fairly good health," and to whom the testatrix had given financial aid and had shown solicitude. The appellants are two nephews and a grandniece who, with the beneficiary Emily Forde, are the only heirs at law and next of kin of the testatrix. The estate, we are told, will amount to nearly $35,000.

I find no use of words by the testatrix by which she makes an outright gift which is cut down by language employed in a later clause in the will. In one sentence the testatrix states her plan. Her sister is to have the entire estate —" *for her maintenance, as long as she lives,*

the estate to be administered by Alfred Barmore Maclay
* * * *according to his judgment.*" (Emphasis supplied.)
" The gift and the statement of its purpose cannot be
separated, one from the other * * *. In this case the
later words are of equal force with the former and are free
from ambiguity." (*St. Joseph's Hospital* v. *Bennett*, 281
N. Y. 115, 118, 119.)

The Appellate Division has affirmed a finding by the
Surrogate that this language is not ambiguous. In my
view the language employed is sufficiently accurate to
express the testamentary intent. The phrase " for her
maintenance " states the intended use for funds bequeathed.
The phrase " as long as she lives " states the term of such use.
Finally the testatrix directs " the estate to be administered
by Alfred Barmore Maclay * * * *according to his judg-
ment.*" The last phrase imports management of funds
beyond the period of administration. When read with the
preceding phrases — which connote both the use to which
the fund shall be put and the term of such use measured
by a lifetime — it is the direction to Alfred Barmore Maclay
to administer the fund " according to his judgment " which
disproves an intent by the testatrix to make an absolute
gift. (*Matter of McClure*, 136 N. Y. 238.)

The fact that the testatrix, who left no descendants,
did not specifically refer to her two nephews and her grand-
niece as remaindermen, is no evidence of a purpose to
disinherit them. She made the first object of her bounty
her sister. She, it was, for whom the fund was to afford
care for life. We may assume the testatrix had knowledge
" that the lines of inheritance were governed by statute
* * * " (*Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127,
138), and that, after the termination of the trust thus
created, the remainder would be distributed according to
the statutes of distribution then effective.

It is for these reasons that I dissent and vote for reversal
and for the construction of the will for which the appellants
contend.

LEHMAN, Ch. J., LOUGHRAN, FINCH, CONWAY and DES-
MOND, JJ., concur with RIPPEY, J.; LEWIS, J., dissents in
opinion.

Order affirmed, etc.