In the Matter of the Accounting of IVY M. VOLLENWEIDER, as Executrix of DAISY MATTERN, Deceased, Respondent. HELEN B. LYNCH, Individually and as General Guardian of JACQUELYN BENNETT, an Infant, Appellant.— Appeal from a decree of the Surrogate's Court, Queens County, which settled the executrix' account and overruled certain objections thereto. Decree unanimously affirmed, with costs to respondent, payable out of the estate. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Construction of the Will of HARRY MAYBAUM, Deceased. MOLLIE G. MAYBAUM, Appellant; NATHANIEL KOZINN, as Executor of HARRY MAYBAUM, Deceased, et al., Respondents.— Proceeding to obtain construction of a will. Decree of the Surrogate's Court, Kings County, modified on the law (1) by striking from the first ordering paragraph the words " during her lifetime " and " with payment of the balance, if any, upon her death to her son, Joseph Goodheart "; (2) by striking out the second ordering paragraph, and (3) by striking the word " not " from the third ordering paragraph. As so modified, the decree, insofar as appealed from, is unanimously affirmed, with costs to the appellant, payable out of the estate. The will divided the residuary estate into three parts, one part consisting of 60% thereof, which the testator gave to the appellant, directing his executor to pay the same to her in monthly payments of $35. The will further provided that, if appellant died before her 60% share was paid to her, " the balance of her share remaining is to be paid to her son * * *." The son predeceased the testator. In our opinion the gift to the appellant was absolute (except as modified by the provision for monthly payments), and the subsequent provision in her son's favor failed to show clearly or unmistakably that the testator intended to cut the appellant's gift down to a life estate. (*Tillman* v. *Ogren*, 227 N. Y. 495; *Matter of Forde*, 286 N. Y. 125; see, also, 75 A. L. R. 71.) Such a construction avoids the partial intestacy which would be caused by the lapse of the attempted gift to appellant's son and is, therefore, to be favored. (Cf. *Wright* v. *Wright*, 225 N. Y. 329.) Present — Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ.