In the Matter of the Estate of SARAH A. WEILAND, Deceased.

Surrogate's Court, Monroe County, June 21, 1951.

*Rudd, Penberthy & Nelson* for Irving D. Jones, petitioner.

*Martin J. Lutz* for Elizabeth Hodgson, as executrix of Roscoe E. Jones, deceased, respondent.

WITMER, S. This is an application by the remainderman to require the executrix of the deceased life tenant (so-called) to account for the proceeds of a certain mortgage bequeathed to the latter, and to pay over to petitioner the amount thereof remaining on the death of the life tenant. The matter grows out of paragraph "Ninth" of testatrix' will, which reads as follows:

"Ninth: I give and bequeath to my brother Roscoe E. Jones, the balance unpaid upon the mortgage which I now hold upon the apartment at Lapham Street and Lake Avenue in the City of Rochester, Monroe County, New York. In the event of my brother not making a disposition of this mortgage during his lifetime, then, and in that event, I give and bequeath to my nephew, Irving D. Jones, the balance unpaid upon said mortgage at the time of the death of my brother, Roscoe E. Jones. It is my intention that my brother, Roscoe E. Jones, shall have the right to collect, sell or dispose of said mortgage without limitation and that he shall have the proceeds for his own separate use."

Testatrix died in 1944 and her will was promptly probated in this court. Letters testamentary were then issued to said Roscoe E. Jones. Testatrix owned at her death the mortgage referred to in paragraph " Ninth " of her will, there being a principal balance then unpaid thereon in the sum of $15,280. In Schedule A of his account as such executor said Roscoe E. Jones reported his distribution to legatees, and included the following: "Upon the death of the decedent, I immediately took possession of the following property which was Devised and Bequeathed to me under the Will:" and there followed a listing of said mortgage and other property. The decree of this court dated May 29, 1945, approved said account, and particularly the credit which Roscoe E. Jones claimed for "(t)he amount of moneys paid and property turned over to legatees, as shown in 'Schedule D' $24,340.00".

Petitioner was a party to that proceeding and decree, and did not object thereto nor appeal therefrom. Respondent denies that the deceased executor received said mortgage as life tenant; but except for such denial no claim or argument is made that petitioner is foreclosed by the decree of judicial settlement from claiming any interest in the mortgage.

The deceased executor's statement in his account above quoted does not specify the capacity in which he claimed the mortgage was bequeathed to him, and there is nothing to indicate that as executor he delivered the mortgage to himself contrary to the provisions of the will. The decree will be presumed to have approved of the delivery of the mortgage to him in accordance with the provisions of the will.

The first sentence of paragraph "Ninth" contains an absolute present gift to Roscoe E. Jones of the balance unpaid on the mortgage at testatrix' death. Such gift will not be cut down or taken from him except by clear provisions of the will to such effect. (*Banzer* v. *Banzer*, 156 N. Y. 429, 435; *Tillman* v. *Ogren*, 227 N. Y. 495, 505; *Matter of Forde*, 286 N. Y. 125.)

The second sentence of paragraph "Ninth" provides that if Roscoe E. Jones should not make "a disposition of this mortgage" in his lifetime then "the balance unpaid upon said mortgage" at his death should go to testatrix' nephew, the petitioner. Since Roscoe assigned the mortgage and received the money for it in his lifetime, that provision does not cut down his absolute ownership of the proceeds unless the words "not making a disposition of this mortgage" are construed as having added thereto the words "or using up the proceeds thereof", and the words "the balance unpaid upon said mortgage" are construed as having added thereto the words "or the unused proceeds thereof".

The third and last sentence of said paragraph is designed to clarify testatrix' intention that Roscoe shall " have the right to collect, sell or dispose of said mortgage without limitation and that he shall have the proceeds for his own separate use." Petitioner contends that the last word, " use ", was employed to express a limitation for life.

In view of the decisions which limit to a life estate a devise or bequest in absolute form when it is followed by language showing testator's intent that the first taker have the property for life with the right to use and dispose of the principal in his lifetime and that the second taker have what remains at the death of the first (*Seaward* v. *Davis*, 198 N. Y. 415; *Matter of Ithaca Trust Co.*, 220 N. Y. 437; *Vincent* v. *Rix*, 248 N. Y. 76), a real question exists here, and petitioner is justified in seeking this construction.

From a literal reading of the paragraph in question it is apparent that the petitioner must fail, because Roscoe did dispose of the mortgage in his lifetime, and there was no "balance

unpaid'' at his death to pass to petitioner pursuant to the literal terms of the will. Thus, as noted above, for petitioner to succeed it must clearly appear that testatrix meant not only what she said, but also meant the unused proceeds of the mortgage if collected, as well as the mortgage itself.

It may well be that testatrix would not wish a strict or narrow construction of this will, for in substance it would seem to make little difference to her what form the asset was in upon Roscoe's death. Her primary concern was that her brother have the uncontrolled use of the principal and income of the mortgage and its proceeds. It may not be readily perceived why at Roscoe's death testatrix would want petitioner to have the unpaid balance of the mortgage, if any, but if Roscoe had collected the mortgage, she would not want petitioner to have what remained of the principal thereof. But it is not for the court to speculate upon what testatrix meant, nor to redraft her will, nor by construction to imply additional words therein, where it is entirely possible that testatrix meant exactly what she said. She may have felt that she did not want any such proceeding as is here taking place, wherein is presented the problem of ascertaining what assets of Roscoe E. Jones represent the collected proceeds of the mortgage. Regardless of her reason for wording the will as she did, she did not see fit to express herself more fully concerning the limitation on her gift to Roscoe. As established by the authorities first above cited, this court cannot deprive Roscoe E. Jones or his estate of his absolute legacy in the absence of a showing of the occurrence of the precise limitation specified by the testatrix.

Submit decree construing will accordingly and dismissing the petition for an accounting.