Anthony P. Savabese, S.
This is a construction proceeding to determine the effect of the following provisions of decedent’s will, to wit, “ Second: I give, devise and bequeath my house #239, Beach 128th Street, Rockaway Park, Queens County, New York, and the contents thereof, to my beloved son, George J. Shirkey, to have and to hold the same unto him, his heirs and assigns forever. Third: I give, devise and bequeath all my personal jewelry to my beloved daughter, Helen S. Kane, to have and to hold the same unto her, her heirs and assigns forever. Fourth: It is my intention to effect an equal division of my entire estate between my beloved children, George J. Shirkey and Helen S. Kane, and with respect to the bequest of my house and contents to George J. Shirkey, the same shall be taken into consideration as to his one-half share of said estate, and likewise, with respect to the bequest of my jewelry to Helen S. Kane, the same shall be taken into consideration as to her one-half share of my said estate.”
George J.
Shirkey mentioned in the will predeceased the testatrix and his interest thereunder passed to his children, one of whom is represented by a special guardian. The latter contends that the Fourth provision of the will does not modify the Second and consequently an absolute estate passed to the son’s children. He also urges the said Fourth provision, or purported residuary clause, fails for ambiguity and the remainder of decedent’s estate passes by intestacy. *787 The purpose and object of the testatrix must be gathered from the four corners of the will, and not from some isolated and detached sentence, or some particular paragraph. The entire instrument must be read as a whole, and the different provisions reconciled and harmonized, if possible. (Matter of Title Guar. & Trust Co., 195 N. Y. 339.) It seems clear, in reading the will as a whole, the testatrix intended that her ultimate disposition of her entire estate shall be divided equally between her children. The Second provision of the will must be read in conjunction with the Fourth provision wherein she explains her intention — “ to effect an equal division of my entire estate between my beloved children.” An equal division could only be accomplished by taking into consideration the value of the gifts given in the Second and Third provisions of her will. Similarly, in Weiler v. O’Brien (23 N. Y. S. 366), conflicting provisions of a will had to be construed together. In that case, testator made a gift to his wife of the entire income of his estate, real and personal during her lifetime, and in á subsequent provision of his will directed the executors to set aside $100,000 of his estate, and pay the income monthly to testator’s son during his lifetime. In holding the provision for the widow reduced to that extent, the court said that the testator could not have intended the widow to have the whole income of the estate, and at the same time directed his executors to see that his son should receive an annual income from a portion thereof. In the instant case the testatrix could not have intended that her son get the house outright, and at the same time share equally with her daughter unless there was enough in the residue of the estate to make up for the value of the house.
The residuary clause does not fail for reasons of ambiguity. In Morton v. Woodbury (153 N. Y. 243, 250, 251) an alleged residuary clause merely stated ‘ I appoint * * * my legatee, and give to her all not before specified in this ”. The Court of Appeals said that “the word ‘ all ’ refers to her property or estate, and that the word this ’ relates to her will ”, and stated that such language was sufficient to pass the residuary estate. Here, the words of the testatrix in the Fourth provision are no less clear, and make out a valid residuary clause. Having gone to the trouble of making a will in which she intended to dispose of her entire estate to her two children, she cannot be presumed to have intended to die intestate. The mere fact that she made a will raises a strong presumption to the contrary. (Hadcox v. Cody, 213 N. Y. 570; Waterman v. New York Life Ins. & Trust Co., 237 N. Y. 293.)
*788 The court, therefore, determines that testatrix intended to divide her entire estate equally between her son and daughter, so that by lumping together her house, her jewelry and her residuary estate the ultimate value of each half would be the same. Since the son of the testatrix died, his two children each take quarter shares, ivhile the daughter retains her half share. Submit supplemental decree herein construing the will accordingly, on notice.