Samuel Faile, S.
In this executors’ and trustees’ accounting proceeding the determination sought as to the validity and effect of paragraph “ Fourth ” of the will requires a consideration also of the context of paragraphs “ Third ” and “ Fifth ” of the will which read as follows:
“ Third: All the rest, residue and remainder of my property and estate, of whatsoever kind and nature, and wheresoever situated, of which I may die seized and possessed, or to which I may be in any way entitled, including all property over which I may have any power of appointment or disposition, I give, devise, bequeath and appoint unto my executors and trustees hereinafter named, in trust nevertheless, for the uses and purposes following, that is to say: To invest and re-invest and keep the same invested, and to collect and receive the rents, issues, incomes and profits therefrom, and after deducting *132 therefrom all taxes, assessments, interest, insurance, cost of repairs and other necessary expenses incidental to the same, and to pay the net income to be derived therefrom to my wife, Gertrude V. Kane, so long as she shall live. And I further direct, in the event the net income shall at any time be insufficient properly to support and maintain my said wife, that my executors and trustees hereinafter named shall pay to her so much of the principal of the estate as may in their sole and absolute discretion be necessary for her proper support and maintenance.
“ Fourth: And upon the death of my said wife, Gertrude V. Kane, or in the event that she shall predecease me, at my death, I direct my executors and trustees or the survivors of them to divide the principal of my estate into as many equal parts or portions per stirpes as there shall be children of mine living and the issue of my deceased children living at the time of division and I direct that one of my said shares or portions shall be set aside for each of my said children then living and the issue of each of my children then deceased so that the children of my deceased child shall take the part or portion which their parent, if living, would take; the same to be invested and kept invested by said trustees, who shall collect and receive the income thereof, and after paying all expenses incident to and attendant upon the execution of said trust, to apply so much of the net income therefrom, or in the event that the income is insufficient, then so much of the principal, as in the sole and absolute discretion of the trustees may be necessary for the support, maintenance and education of such child until he or she shall attain the age of twenty-one years, whereupon all accumulated income shall be paid to such child and thereafter the net income shall be paid to him or her until he or she shall attain the age of twenty-five years; whereupon the .principal of said portion or so much thereof as shall then remain shall be paid over to him or her.
‘ ‘ Fifth: Should any child die before attaining the age of twenty-five years, then said share or portion so set apart for him or her, shall be paid over to and equally divided among his or her issue. And should any such child die before attaining the age of twenty-five years leaving no children or issue bi-m or her surviving, then the portion so set aside for him or her or so much thereof as shall then remain, shall be equally divided among Ms or her surviving brothers and sisters and the issue of any who may die leaving lawful issue him or her surviving, the issue of any deceased child to take the share wMch their parent, if living, would take.”
*133 The testator died on April 2, 1944. His will dated December 30, 1936, was admitted to probate and letters testamentary and of trusteeship were issued by a decree dated July 11,1946. The testator was survived by a widow and seven children as his distributees. On July 10, 1945, a son, Joseph E. Kane, died, leaving him surviving two children, one of whom, Joseph Edward Kane, was born on October 13, 1943, before testator’s death, and the other, Grace Ann Cailler Kane, was born on November 13, 1945, after the death of testator. The widow, the sole income beneficiary, died thereafter on February 11, 1953.
The task of the court in a construction proceeding is to ascertain, first, the intention of the testator from the language of the document; secondly, to carry out such intention if not violative of the law. (Matter of Buechner, 226 N. Y. 440; Matter of Sliter, 286 N. Y. 117; Matter of New Rochelle Trust Co., 50 N. Y. S. 2d 602.) It is also a well-established rule that an interpretation resulting in either complete or partial intestacy is to be avoided wherever possible. (Matter of Hayes, 263 N. Y. 219; Matter of Forde, 286 N. Y. 125; Matter of Ossman v. Von Roemer, 221 N. Y. 381; Matter of Benton, 244 App. Div. 56, affd. 269 N. Y. 579; Kalish v. Kalish, 166 N. Y. 368.) The court may presume that the will was drawn with knowledge of the applicable provisions of the law. (Kahn v. Tierney, 135 App. Div. 897, affd. 201 N. Y. 516.) And where a will is capable of two constructions, that which is valid will be preferred to that which is invalid. (Matter of Gallien, 247 N. Y. 195; Greene v. Greene, 125 N. Y. 506; Matter of Carmody, 300 N. Y. S. 1299.) The law presumes that a person making a will does not intend to die intestate as to any of his property. (Matter of Hayes, supra; Schult v. Moll, 132 N. Y. 122; Waterman v. New York Life Ins. & Trust Co., 237 N. Y. 293; Matter of Forde, supra.)
The apparent intent of the testator was to provide first for his wife, and upon her death for his children and the issue of any child who predeceased his wife.
An entire estate may be held in trust for a single beneficiary for life and on his or her death divided into shares for the beneficiaries of secondary trusts, and in such a case each share may be regarded as having a separate existence from the death of testator. (Moore v. Hegeman, 72 N. Y. 376; Wells v. Wells, 88 N. Y. 323; Vanderpoel v. Loew, 112 N. Y. 167; Matter of Mount, 185 N. Y. 162.) However, it is well settled that a trust may not lawfully be measured by the life of a person not in being at the death of testator. (Seitz v. Faversham, 205 N. Y. *134 197.) If the shares for the benefit of testator’s children, and the issue of such children including issue not in being at the death of the testator were intended to be continued in trust and vesting would thereby be postponed during the respective lives of such issue, any such trust would be void, at least as to the share of any issue not in being at the death of testator. (Seitz v. Faversham, supra; Matter of Mount, supra.) Even if the testator intended to create separate trusts, any one of which were to be measured by the life of a person not in being at the death of the testator, the testamentary scheme would be wholly invalid unless the court could separate the good from the bad and excise the invalid portion (Looram v. Looram, 269 N. Y. 296; Matter of Trischett, 184 Misc. 599, affd. on other grounds 270 App. Div. 767) without perverting beyond recognition the testamentary intent. (Matter of Lyons, 271 N. Y. 204.)
It is well settled that absolute ownership is suspended in either one of two ways: (1) By the creation of a trust which vests the estate in trustees; (2) by the creation of future estates vesting upon the occurrence of some future and contingent event. (Wilber v. Wilber, 165 N. Y. 451.) There would be no unlawful suspension by the creation of any trust if the testator intended that the separate shares resulting from the directed division were not to be continued in a trust or trusts for the benefit of his children and the issue of a deceased child, unless such trusts were to continue during the life of a child born after the death of testator. Similarly, there would here be no violation of the rule against the remoteness of vesting unless vesting were intended to be postponed during the lifetime of issue born after the death of testator.
By paragraph “ Third ” of the will, the residuary estate is bequeathed to trustees in trust to receive and pay the net income to the wife of testator during her lifetime. Although paragraph “ Fourth ” contains no provision for a gift of the corpus of such trust to the trustees of any intended secondary trusts, there would be no necessity for an express devise or bequest to the trustees in view of the prior provisions of Paragraph “ Third” devising and bequeathing the residue of the estate to trustees in the trust for the benefit of testator’s widow. An examination of the provisions of paragraph “ Fourth ” above quoted discloses that testator directed that at the death of his wife, there be a per stirpes distribution among his issue then living, but that there is no express direction that such separate shares be continued in trust. On the contrary, other provisions of the will negative even an implied direction for a *135 continuance of a trust after the death of the widow. After the death of the widow, and the division into shares, such shares are directed to be “ set aside ” for the benefit of the issue who are “ to take ” such share. The net income from such share is directed to be accumulated or applied for the benefit of the person for whom such share was to be set apart, together with so much of the principal as in the discretion of the trustees may be necessary for the support, maintenance and education of the person for whom such share was to be set apart.
The court finds the facts in Vanderpoel v. Loew (supra), to be analogous to those presented here and arrives at the determination herein primarily on its authority. The court in Vanderpoel v. Loew (supra) decided, among other things, that a direction that a share be set apart at the death of the parent for the use and benefit of issue imports a gift of the share. And where the whole income of each share from the death of the parent to the time of payment is bequeathed to the remainder-men, this has been given great weight as connoting an intention to vest the share from the date when income begins to accrue. (Warner v. Durant, 76 N. Y. 133; Smith v. Edwards, 88 N. Y. 92, 103; Bushnell v. Carpenter, 92 N. Y. 270; Vanderpoel v. Loew, supra.) Moreover, the power to invade the corpus of such share for the sole benefit of the person for whom such share is set apart is entirely consistent with an intention to vest the share in the person for whose benefit such share has been set apart.
Accordingly, the court determines that the issue of testator surviving at the termination of the trust for the widow of testator, took an estate in remainder which vested either at the death of testator, or in any event at the death of the wife of testator, and consequently no later than upon the termination of one life in being at the death of testator. Vesting, therefore, was not thereby postponed until such issue attained the prescribed age of 25 years, although payment or enjoyment of any unused balance of the corpus was to be deferred until attainment of such prescribed age.
By paragraph “Fifth” of the will, testator provided that if any child should die before attaining the age of 25 years, the share or portion “ so set apart for him or her ” should be paid over to and equally divided among his or her issue with a proviso in the event of death without issue surviving, such share or portion should be divided among his surviving brothers and sisters, and the issue of any who might have died leaving lawful issue them surviving, the issue of any deceased *136 child to take the share which his parent would have taken if living.
The effect of such defeasance clause was to divest the share of any child or issue of a child who should die before attaining the age of 25 years, and the issue of such deceased child, or the surviving children of testator or the lawful issue of any deceased child of testator. There would be here no violation of the rule against the remoteness of vesting, for each share would vest no later than at the death of the wife of testator. The defeasance clause merely postponed absolute vesting during the lifetime of the respective issue of testator for whom the share was directed to be set apart, should such child or the. issue of a deceased child fail to attain the prescribed age of 25 years.
Accordingly, therefore, each of the surviving children of the testator take a vested one-seventh interest in the residuary estate, and each of the two children of testator’s son, Joseph E. Kane, deceased, take a vested one-fourteenth interest in the residuary estate, as provided herein.
Settle decree.