Joseph P. Molinari, J.
The case involves the distribution upon the death of the life tenant of funds held by the National Commercial Bank & Trust Company in trust by court order from a sale of real property formerly owned by Edward Severin Clark.
Paragraph 9 of the will of Edward Severin Clark provides in part that certain premises known as ‘1 Fenimore ’ ’ should be given and devised to his brother Stephen Carlton Clark for and during the term of his natural life, and that upon his death the residue was given to such one of the descendants of his grandfather, Edward Clark, as Stephen Carlton Clark designated in his last will and testament.
In the early 1940s said property was sold and the resulting consideration received was placed in a trust fund in the Second National Bank of Cooperstown. (Now merged with the National Commercial Bank & Trust Company.)
The court decree ordering it to be placed in the bank trust provided in part “ And upon the death of the life tenant pay over *804 and distribute the principal to and among the remaindermen or other persons who may then be entitled thereto in accordance with the order of the court upon an accounting.”
Stephen Carlton Clark died without exercising specifically any power under this clause.
Some respondents, executors of the last will and testament of Stephen Carlton Clark, contend that the property upon sale was no longer subject to any rights in Stephen Carlton Clark to appoint by will a disposition of a remainder. They maintain that since this provision of Edward Severin Clark’s will failed, the funds should be distributed in accordance with the residuary clause of the will which provided that all interests not otherwise disposed of pass to the brothers of Edward Severin Clark, to wit: Stephen Carlton Clark and Frederick Ambrose Clark.
Other respondents, executors of the last will and testament of Albert Corning Clark, contend that failure to appoint from among a class resulted in the ultimate vesting in beneficiaries, descendants of Edward Clark.
Courts cannot when specific provision is made as to appointment among a class to one individual, thereafter divide said property among the whole class. Testator’s desire in this case was that certain real estate be kept for sentimental reasons in the family. After conversion of the real estate by sale into tangible personal property such desires could no longer be obtained. Therefore, the power provided in the section of his will as to appointment to one among a class could not be exercised effectively and was not exercised. For either of these reasons it is my opinion that the provision as to the remainder interest in this property lapsed under paragraph 9 of the will. Under the law which abhors the creation of an intestacy and under the explicit provision of the will of Edward Severin Clark as to all undisposed properties, the principal of the trust fund should pass under the residuary clause to his brothers Stephen Carlton Clark and Frederick Ambrose Clark.
I do not feel that the lapse happened at the failure of Stephen Carlton Clark to appoint under his will, but rather that upon conversion of the real property through sale into personal property, the power of appointment was effectively destroyed, and the lapse occurred.
In the Matter of Pulitzer (152 Misc. 554, affd. 245 App. Div. 720, affd. 270 N. Y. 524) Judge Foley ruled, that upon sale oi certain assets, to wit: a newspaper, part of the trust corpus called “ Newspaper Trust ”, the purpose of the restricted power of appointment set up by the testator to provide management for the paper was no longer applicable, and that therefore the power *805 was nullified and the property should pass under the provisions for distribution of the residuary estate.
In this case Edward Severin Clark created the restricted power, because of his desire to continue the premises in the family, and when this was no longer possible the power was nullified as in the Pulitzer trust.
Considering the question of distribution of the proceeds of the sale, in Waterman v. New York Life Ins. & Trust Co. (237 N. Y. 293) Judge Cardozo considered the question of whether after failure of a power of appointment the proceeds of the sale were to be distributed as upon intestacy or as part of the residuary estate. He held that this was not a lapse or failure as to a portion of the residue of the estate, and that therefore the proceeds from the sale (in that case a residence) should be paid to the residuary heirs.
Therefore, upon the account of the National Commercial Bank & Trust Co. it is the opinion of this court that the proceeds of this trust should be distributed equally between Frederick Ambrose Clark and the estate of Stephen Carlton Clark, the residuary legatees under the last will and testament of Edward Severin Clark.