GEORGE SWEET, AS EXECUTOR OF JULIA A. ROZELL, DECEASED, RESPONDENT, *v.* HENRY K. BURNETT, APPELLANT, IMPLEADED WITH OTHERS, RESPONDENTS.

*Will — what passes under a gift of "money."*

The will of Julia A. Rozell contained the following clause: "From the money of my husband's estate, now belonging to me, I desire that my funeral and other expenses be paid, and out of the same I give to Robert Nickerson the sum of $100, to Francis Nickerson the sum of $100. * * * The residue of said money I wish to have divided equally between my husband's nieces and nephews."

The husband of the testatrix had died ten months before her, and had left to her all his property, which consisted of a deposit in a savings bank and other personal property, and also a farm. The estate was still in the hands of the husband's executor when the testatrix died.

In an action brought by her executor to obtain a construction of her will:

*Held,* as the testatrix, had she lived, would have received the personal property from the executor of her husband in the form of money, that, under the word "money" in her will, all the proceeds of the personal property of her husband passed.

That the farm did not pass under the word "money," there being nothing in the will to show such an intention, "money" not being given so comprehensive a meaning.

APPEAL by the defendant Henry K. Burnett from a judgment of the Supreme Court, entered in the office of the clerk of the county of Dutchess on the 2d day of April, 1892, construing the will of Julia A. Rozell, after a trial before the court at the Dutchess Special Term.

The action was brought to obtain a construction of the will of Julia A. Rozell.

*L. B. Sackett,* for the appellant.

*Herrick & Losey,* for plaintiff and respondent.

*Hackett & Williams,* for Elizabeth Rozell, defendant and respondent.

*Allison Butts,* for Stephen Rozell and Samuel Rozell, defendants and respondents.

*Hufcut & Travis,* for Obed Rozell and Josephine McElwin, defendants and respondents.

CULLEN, J. :

The question presented in this case is, what passes under the term "money," in the second paragraph of the testator's will? That paragraph is as follows :

"From the money of my husband's estate now belonging to me, I desire that all my funeral and other expenses be paid, and out of the same I give to Robert Nickerson the sum of one hundred dollars ; to Francis Nickerson the sum of one hundred dollars. * * * The residue of said money I wish to have divided equally between my husband's nieces and nephews."

The testator's husband had died ten months prior to her own decease leaving all his property, real and personal, to his widow. The husband's estate consisted of a deposit in the savings bank, notes due him, some articles of household furniture, farm products and the like, and a farm. At the death of the wife the husband's personal estate was still in the hands of his executor.

In *Smith* v. *Burch* (92 N. Y., 228), is to be found an extensive review of the authorities on the construction of the term money. The rule enunciated by the court is, that ordinarily, standing alone, the term means only that which passes current as money, including bank deposits ; but when read with the context of the will it may be held to include any kind of personal property. We think that the testator intended by the word money in this will to include all the proceeds of the personal estate of her husband. The estate has not been settled. It was the duty of the executor to convert the personal property into money, and the widow would receive it only in that form unless by agreement with the executor to the contrary. The sums in the different investments might vary before the estate was transferred to her from causes entirely independent of her acts. The executor might use the moneys collected on the notes, or those deposited in the savings bank, to pay debts or charges against the estate. The testator must be assumed to have known how her own funds were invested, but not necessarily the investment of her husband's property. But the dominant consideration with us is that in law she would receive the personal estate of her husband as money, and, therefore, those proceeds are properly described as such.

But we think there is not sufficient in the will to show that the testator intended by the term of the word "money" to pass the

farm devised to her by her husband, even assuming the word "money" could, under any circumstances, be given such a comprehensive meaning. The only authority justifying such an interpretation is *Estate of Miller* (48 Cal., 165). This case is cited in the opinion delivered in *Smith* v. *Burch* (*supra*), but the Court of Appeals in its own declaration of the rule of construction limits money to personal property.

The judgment appealed from should be modified so as to declare that the farm of the testator did not pass to the husband's nephews and nieces, but descended to the testator's brother and heir-at-law, the defendant Burnett.

In other respects the judgment should be affirmed, without costs of this appeal to either party.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment modified by declaring that the farm did not pass to the husband's nephews and nieces, but passed to the testatrix's brother and heir-at-law, otherwise affirmed, without costs of this appeal.