In the Matter of the Estate of LILLIAN BULL ROBINSON, Deceased.

Surrogate's Court, New York County, October 18, 1940.

*Mitchell, Taylor, Capron & Marsh,* for the petitioner.

*Miller, Owen, Otis & Bailey,* for Betty Robinson Peake, respondent.

*Jerome F. Donovan,* special guardian.

FOLEY, S.   The surrogate holds upon the evidence that under paragraph sixth of the will the indebtedness of the claimant, Betty Robinson Peake, to the decedent in the sum of $15,021.88 was forgiven.

By paragraph sixth of the will the testatrix provided: " In the event that my said daughter, Betty Robinson Peake, shall be indebted to me at the time of my death in any sum of money whatsoever, I give and bequeath the same to her absolutely and free from any trust."   It is undisputed that at the time of the execution of the will no form of indebtedness existed as between the parties. In the later years of her life, Mrs. Robinson, the testatrix, at the request of her daughter and by formal instruments, authorized the transfer of securities then in a custodian account as collateral for three loans on promissory notes signed by her daughter and aggregating $15,000.   The additional amount of the claim represents interest accruing after the death of the testatrix.

The transfers, in substance and in effect, therefore, constituted the lending of the securities of the mother to the daughter in an amount necessary to be used to secure the payment of the latter's loans. It will be noted in the paragraph of the will above quoted that the bequest became effective and forgiveness granted if the daughter should be " indebted " at the time of the mother's death in any sum of " money " whatsoever. It was clearly the intention of the testatrix in the use of the word " indebted " to include any form of obligation to repay either money or to redeliver securities advanced or the proceeds of their sale. It was held in *Dibble* v. *Richardson* (171 N. Y. 131, 137) that " a debt includes not merely money due by contract, but whatever one is bound to render to another, whether money, goods or services." Moreover, the word " money " used in paragraph sixth of the will may not be limited in its ordinary meaning to a pecuniary liability. It is frequently used, not only in wills but in contracts and other forms of agreement, to include securities, stocks, personal property, money in bank, " when the context and all the circumstances which were rightfully considered indicated such to be the intention of the testator." (*Smith* v. *Burch*, 92 N. Y. 228, 232.) In *Manufacturers Nat. Bank* v. *United States F. & G. Co.* (218 App. Div. 455) the bond upon which the action was based secured the obligee against the loss of " money " and " currency." The default on the bond was based upon the failure of a clerk of the plaintiff bank to exercise stock warrants which had been left by a customer with instruction that the bank should forward the warrants with the necessary funds for exercise and purchase. The court said: " But money means not currency only; it means wealth, capital, property " (p. 458).

The surrogate, therefore, holds that the clause of the will involved here constituted an exoneration of the claimant from liability for the return of the securities or their proceeds up to the amount of the loans. Since the securities were pledged by the decedent only to that extent and no claim of an entire gift of them is made by the daughter, the excess over that amount now held by the lending bank, resulting from the sale of the collateral, is payable to the executor as an asset of the estate.

Submit decree on notice construing the will and settling the account accordingly.