In the Matter of the Estate of REBEKAH OWEN, Deceased.

Surrogate's Court, New York County, May 18, 1942.

*Larkin, Rathbone & Perry* [*Albert Stickney* and *Arthur Huston* of counsel], for the Central Hanover Bank and Trust Company, petitioner.

*William J. Block*, for Walter Higgins, respondent.

*Clark, Sickels & Barton* [*Arthur L. Barton* and *John S. Sickels* of counsel], for Henry A. McNulty and others, respondents.

*Gillespie & O'Connor* [*George J. Gillespie* and *Ernest A. Zema* of counsel], for the Chapter of the Basilica of St. Peter's at Rome, respondent.

FOLEY, S. In this accounting by the executor and temporary administrator a construction of the will is sought. The testatrix, a citizen of the United States residing in England, died in Italy on February 12, 1939. Her will, which is holographic and inartificially drawn, was admitted to probate in this court on June 27, 1940. The dispositive provisions in the will are as follows: " I desire my furniture silver books and all investments in the United States now held or received in my name in trust by the Central Hanover Bank and Trust Company of New York to be sold a bequest of two hundred pounds to be made to my chauffeur Gino Cittadini of Rome and the remainder of such sales to be given to the Chapter of the Basilica of Saint Peters at Rome for the use of the Basilica."

This will was drawn by the testatrix on September 5, 1937. The ambiguity of the above-quoted provisions of the will is patent. In order to identify the subject-matter of the property passing by the will the surrogate directed the submission of extrinsic evidence. (*Matter of Smith*, 254 N. Y. 283.) The first fact established by the oral and documentary evidence adduced is that the testatrix originally divided her property into two classes, her English property and her American property. At one time she contemplated making separate wills disposing of each class of property. The will here, however, is the only effective testamentary instrument. The testatrix considered her English property to consist of her home in England and the tangible personal property there. It is significant that the execution of her will took place shortly after she had sold her home in England. The proceeds of the sale were placed on deposit in an English bank.

The testatrix did not have any investments held in trust for her by the Central Hanover Bank and Trust Company but she had a custodian account in which shares of stock in American corporations were held by that bank. She likewise had a cash deposit in the bank and securities and cash in the custody of an English bank.

The principal question for determination is the interpretation of the phrase "all investments in the United States." The form of the bequest here to some extent follows the terminology employed by English draftsmen of wills. Under English law a gift in trust of property or on trust to sell the property and pay legacies is in reality an outright bequest. (Administration of Estates Act [1925], §§ 33, 45; *Matter of Wildenburg*, 174 Misc. 503, 511.)

The word "investment" is a vague term and no general rule can be laid down as to its meaning. (2 Jarman on Wills, [7th ed.], p. 1273.) All of the investments owned by the testatrix at the time of her death, whether located in England or in the United States, were in shares of stock of American corporations. The dividends on securities which were physically in the United States or in England were received by the trust company here and deposited in the account of the testatrix. Being an American citizen, the testatrix paid her Federal income tax from these dividends. In her prior will and in her correspondence she frequently referred to the securities owned by her as "American investments." In the light of this evidence it seems clear that in using the term "investments in the United States" the testatrix intended to bequeath all investments in American companies regardless of the location of such securities at the time of her death.

If this will were the product of a skilled draftsman, the term "investment" might well be limited to stocks, bonds and other evidences of indebtedness. This testatrix, however, drew her own will. The effectuation of her expressed intent calls for a liberal construction. The court by subtle refinements will not strain to limit the terms employed by the testatrix to their strict legal meaning. (*Matter of Gallien*, 247 N. Y. 195, 200, CARDOZO, Ch. J.) To do so would produce intestacy, which obviously the testatrix wished to avoid, as is evidenced by the very making of her will. (*Matter of Hayes*, 263 N. Y. 219; *Hadcox* v. *Cody*, 213 id. 570; *Matter of Frank*, 153 Misc. 688.) The term investments " has been construed as including money on deposit in a bank (*Matter of Lewis's Will Trusts* [L. R.] 1937 Chan. 118) and, conversely, "money" has been construed as including securities and other investments. (*Matter of Robinson*, 175 Misc. 433; *Matter of Mudge*, N. Y. L. J. Nov. 19, 1940, p. 1618.) The extension of the meaning

of the term " investments " so as to include bank deposits is consonant with the intention of the testatrix to dispose of all of her property and with the general rule that wills should be construed so as to avoid intestacy wherever possible. (*Matter of Walter*, 270 N. Y. 201; *Matter of Hayes, supra; Waterman* v. *N. Y. Life Ins. & Trust Co.*, 237 N. Y. 293; *Meeks* v. *Meeks*, 161 id. 66; *Johnson* v. *Brasington*, 156 id. 181; *Ward* v. *Stanard*, 82 App. Div. 386.) The general rule favoring a construction avoiding intestacy is particularly applicable here since this will contains no residuary clause. (*Ward* v. *Stanard, supra; Matter of Faust*, 83 Misc. 250.)

I hold, therefore, that the property passing under this will includes all of the securities owned by the testatrix and of money on deposit in banks in the United States to her credit, as well as the specific personal property mentioned in the will. Her jewelry and the moneys on deposit in England pass by intestacy.

The personal claim of the temporary administrator is allowed in the amount requested in the account.

Submit decree on notice construing the will and settling the account accordingly.