In the Matter of the Accounting of CORN EXCHANGE BANK TRUST COMPANY, as Executor of HELEN A. MIRICK, Deceased.

Surrogate's Court, New York County, June 10, 1948.

*Earle & Reilly* for executor, petitioner.

COLLINS, S. In this accounting proceeding the court is asked to construe the fourth article of decedent's will which begins with the text " All of the rest, residue and remainder of the money of my estate I hereby give and bequeath * * *.'' Preceding articles of the will bequeath pecuniary legacies and specific legacies of jewelry and other property. These legacies have been paid. The assets of decedent consisted of bonds, cash in bank, cash on hand in an inconsequential amount, jewelry and personal effects. If the quoted language is narrowly construed as limited to either cash on hand or cash in bank, or both, a partial intestacy will result.

The will is a holograph. It evidences every intention to make a complete disposition of decedent's property. The quoted text was clearly intended as a residuary clause which would comprehend all property of decedent not disposed of by other provisions of the will. The court holds that the words " money of my estate " include all the personal property of decedent not otherwise bequeathed. (*Smith* v. *Burch*, 92 N. Y. 228; *Sweet* v. *Burnett*, 136 N. Y. 204; *Manufacturers' Nat. Bank of Troy* v. *United States Fidelity & Guar. Co.*, 218 App. Div. 455; *Matter of Robinson*, 175 Misc. 433; *Matter of Kimberly*, 126

Misc. 455; *Matter of McKendrie*, 150 Misc. 665; *Matter of Thayer*, 86 Misc. 191; *Matter of Blackstone*, 47 Misc. 538; *Matter of Anthony*, 72 N. Y. S. 2d 478; 2 Davids' New York Law of Wills, § 758.)

The proposed payment for perpetual care of the cemetery plot and monument will be approved as a reasonable funeral expense.

Submit decree on notice construing the will and settling the account.