Maximilian Moss, S.
The petitioner, the executor named in the testatrix’ will, seeks a determination of the validity, construction and effect of various provisions contained therein.
The dispositive provisions of the will are in the testatrix’ handwriting on a printed “will” form. By the provision designated “First,” the nominated executor was given the liberty to distribute to testatrix’ brother “if in need in trust the sum of $50 a month and not to exceed $3000 ”. A mere reading of this questioned paragraph readily resolves the testatrix’ intent. The language is neither ambiguous nor technical. The executor’s discretion to invade the principal was to be free and uncontrolled. He was given “ the liberty ” to distribute the sum of $50 a month when in need. The intention of the testatrix is clear and definite (Matter of Bisconti, 306 N. Y. 442). The will having vested discretion in the trustee to apply the designated sum for the brother’s benefit when in need, the court will not interfere with the exercise of that discretion except if it be shown that there has been an abuse of discretion, arbitrary or capricious conduct on the trustee’s part (Matter of Clark, 280 N. Y. 155; Matter of Hayden, 172 Misc. 669, 682).
Preceding the bequests of two specific legacies, it is provided that “ Balance of money to go to the following: House of Good Shepherd (address), St. Francis of Assisi (address), Home of Blind, Baldwin Ave. Jersey City.” The court is required to determine whether this is a residual provision. The words “ Balance of money ” as used in this text was intended to and includes all the personal property of the testa *159 trix not otherwise bequeathed and constitutes in fact a residuary provision (Smith v. Burch, 92 N. Y. 228; Sweet v. Burnett, 136 N. Y. 204; Matter of Mirick, 193 Misc. 211). Settle decree on notice.