Joseph A. Cox, S.
The principal question in this accounting proceeding is the extent of the gift under paragraph ninth of the will, which reads: “ I give and bequeath to Mr. Johannes Schiefer all moneys left over after payment of my debts and funeral expenses.” No difficulty is encountered in applying this provision to cash deposited in banks. (Mann v. Executors of Mann, 1 Johns. Ch. 231, 237, affd. sub nom. Mann v. Mann, 14 Johns. 1; Matter of Feist, 170 Misc. 497, 501; Matter of McKendrie, 150 Misc. 665, 668; Matter of Storm, 205 Misc. 1109, 1112.) Nor is there any difficulty in extending it to the very minor item of the undeposited dividend check. The real issue is whether paragraph ninth embraces (1) the interest of the decedent in the estate of his deceased uncle which was distributed after this decedent’s death; (2) the accounts receivable of the decedent which were collected by the executrix, and (3) a capital account with a firm of patent lawyers, with whom the decedent was associated.
In order to give all parties an opportunity to produce all relevant extrinsic evidence, the matter was set down for hearing. However, little enlightening evidence was offered. The decedent was an attorney specializing in patent matters. He had been married and divorced. His statutory distributees were two adult sons. "Whether the decedent drafted his own will or had outside legal assistance, is not now known. There does not appear to be any further available evidence with respect to the accounts receivable, the interest in the other estate or the capital account with the firm.
The will was executed on November 19, 1945. In 11 separate paragraphs, the testator gave specific legacies to his two sons, his sister and friends. In addition he bequeathed “ all moneys ” in paragraph ninth, and he specifically devised a parcel of realty. The fifteenth paragraph of the will is in the form of the ordinary residuary clause, with the notable difference that there is only a blank space where the name of the legatee should appear. The sixteenth and last paragraph of the will appoints the executrix and directs that all estate taxes “ found to be due *887 upon any of the above-mentioned legacies, be. paid by my executrix out of my residuary estate. ’ ’
It has been held that the term u money ” does not include the interest of the testator in another estate. (Matter of Hendrickson, 140 App. Div. 388; Byrom v. Brandreth, L. R. 16 Eq. 475; see, also, 93 A. L. R. 514, 544.) The cited decisions rest upon the principle that a bequest of “ money ” covers only cash or money on deposit, unless the context of the will or the surrounding circumstances give the term a more extended meaning. In Byrom v. Brandreth (supra, p. 479) the Lord Chancellor expressed the opinion that the term embraced not only money on deposit but also “ any other money which lay in such a situation that it was her ready money at call at the time of her death ”, but despite his belief that the testatrix may well have used the term in the broadest sense, he felt constrained by authority to hold that it did not include a legacy from another estate which had not been reduced to possession by the testatrix.
Both of the cited decisions emphasized the presence of a residuary clause and the fact that an extension of the scope of the word ‘ ‘ money ’ ’ would seriously affect the other dispositions. In the pending proceeding we have a residuary clause but it does not attempt to make an effective gift of the residue. The absence of a real residuary gift and the fact that ‘ ‘ debts and funeral expenses ’ ’ are payable from the legacy under paragraph ninth, are said by the legatee to overcome the, general rule and to extend the term ‘‘ money ’ ’ to all assets of the decedent not otherwise disposed of by will. Both the legatee and the executrix construe paragraph ninth as the true residuary clause. The distributees, on the other hand, read that paragraph as encompassing only cash on hand or in banks at the time of the decedent’s death, and since the debts alone exceed such funds, nothing would really pass to the legatee in paragraph ninth.
We are not permitted to speculate on the absence of the name of a residuary legatee. We must read the will as it is written and in the light of the surrounding circumstances. The decedent was a lawyer; he understood the effect of a residuary clause; he must have read the will executed by him; he intended to include a residuary clause and he named no residuary legatee. The residuary clause is not without purpose in his testamentary plan. The decedent had apparently disposed of every asset which he could call to mind at the time he made his will. He appreciated the possibility of future changes that might increase or decrease his estate. He explicitly charged all estate taxes against the assets that would fall into the residue as not specifi *888 cally bequeathed. If there were no residue, he knew that tlm taxes would fall on the legatees in proportion to their benefit. If there were enough in the residue to pay the taxes, he desired that this source be first used. If there still remained a balance, he seemed content to let it pass as the law directs.
The accounts receivable constituted an asset that changed constantly. We do not know what accounts were outstanding in November, 1945. The decedent’s secretary testified that the accounts due at the time of his death in May, 1949 were nearly all fairly recent accounts. That is to be expected. The decedent continued to practice law and to be paid from time to time for legal services rendered. When the clients paid him, the asset became money in his hands. Until they paid him, he undoubtedly looked upon the item as money due him. If paid after his death, it was money in the estate treasury. However, it must be noted that the will of this decedent does not speak of “money” in terms of cash on hand at the time of death (cf. Matter of Feist, 170 Misc. 497, supra; Matter of McKendrie, 150 Misc. 665, supra; Matter of Hinds, 270 App. Div. 408, affd. 296 N. Y. 648), but rather as funds in the hands of his executor. The decedent did not bequeath the money on deposit at his death but rather the “ moneys left over after payment of [his] debts and funeral expenses ”, and since the disbursements specified could be made only by his estate fiduciary, the reference was plainly to money received by his executor either from the testator’s cash on hand or from the money due to him at his death.
The account with the firm of attorneys was money held for the decedent. It apparently was somewhat in the nature of a deposit, but in all events it was something that would be classified as money due to his executor.
The legacy from the estate of the decedent’s uncle is something quite different from the fees due the decedent for legal services. The exact nature of the legacy is not disclosed by the record. The account shows that the legacy was not all paid in. cash. It is stated in argument, though not proved in the record, that the uncle did not die until some time after the will of this decedent was made, and that hence the decedent could not have had this asset in mind when he drew the will. The court makes no assumption at all in this respect. The legatee seeks to have the court interpret the term ‘ ‘ money ’ ’ as going beyond its usually accepted meaning, and it is incumbent upon him to adduce such extrinsic evidence as is necessary to support his construction. Certainly there is no basis in this record for assuming that the testator did have this asset in mind when he *889 drew Ms will or for assuming that it was of such a nature that it might he thought of as the equivalent of money. In the ordinary case, those entitled to a portion of an estate have no assurance that anytMng at all is due them until that estate has been administered and all debts and claims have been paid. Until the executors determine the distribution of the assets in regular course, the legatees cannot know the value of their legacies. If it is a residuary bequest, payable in kind, they cannot know exactly what form it will take. To say that so much of the legacy as was actually paid in cash should pass under paragraph ninth would make the rights of the beneficiaries of this estate dependent upon the decisions of the executor under a different will. The accidents of distribution cannot fix the construction of this will. It has been held that an interest in another estate wMch would arise only from the subsequent sale of assets in that estate, will not pass even under a gift of ‘1 money wMch shall be due and owing ” to the testatrix at the time of her death. (Martin v. Hobson, L. R. 8 Ch. App. 401.) As the court reads the will of this testator, the character of this asset is such that it could not fairly be said to pass under the gift of “ money ”, as that term is used in paragraph ninth of the will.
The court therefore holds that there are embraced within paragraph ninth the undeposited check, the cash on deposit in banks at the time of death, the sums received by the executrix for legal services and the capital account with the firm of attorneys. There are chargeable against this total amount the debts and funeral expenses paid by the executrix. The plain terms of the will impose those charges. The will does not mention administration expenses and accordingly the general rule of law is operative and they are payable from the residuary estate. The legacy received from the estate of William B. Ladd, together with the refund from the insurance company, falls into the residue. If anything remains after payment of administration expenses and estate taxes, the residue is distributable to the decedent’s sons.
The personal claim of the executrix is allowed in the amount set forth in Schedule D-2 of the account. The objections of Johannes Schiefer have been withdrawn. The court holds that under the circumstances disclosed by the record, the payments of storage charges from the general estate were proper.
Submit decree on notice construing the will and settling the account accordingly.