S. Samuel Di Falco, S.
In this proceeding to construe decedent’s will questions have been raised as to the meaning and effect of two paragraphs of the decedent’s will.' Paragraph Seventh of the decedent’s will reads as follows: “seventh: I give and bequeath to my grand nephew, Theodore Goodman, the sum of One Thousand Dollars ($1000.) to be held in trust by his father Robert Goodman, until his twenty-first birthday, provided however that if he should predecease me this sum shall revert to my residuary estate.”
The question raised is whether in such paragraph the testator created a valid trust. As no active duties were imposed on the trustee and the bequest was made directly to the infant with the direction that it be held until his 21st birthday, the court holds that in such paragraph the testatrix created a dry or passive trust which is invalid. The bequest vested immediately in the infant upon the death of the testatrix and should be paid to his duly qualified general guardian (Jacoby v. Jacoby, 188 N. Y. 124; Matter of Berliner, 267 App. Div. 1000; Matter of Cole, 163 Misc. 102).
The second question of construction relates to paragraph Eighth of decedent’s will which reads as follows: “ eighth : I give and bequeath the balance of money which I may leave equally to my brother, Leon Alexander, and my cousins, Martha Prensky and Henry Prensky, each to receive one-third, provided however that if anyone of them should predecease me, their share shall revert to my residuary estate. ’ ’
The testatrix in paragraphs Third through Seventh of her will made various bequests to individuals totalling $6,000. In each instance she provided that should the person to whom the *985 bequest was made predecease her, the bequest was to revert to her residuary estate. In paragraph Ninth she disposed of her silverware, china and glassware. In paragraph Tenth she disposed of her bed and table linens. In paragraph Eleventh she bequeathed $1 to her niece. There is no paragraph Twelfth. The next numbered paragraph is Thirteenth in which she appoints the executrix. Paragraph Fourteenth revokes all prior wills.
As can be seen, paragraph Eighth of the will contains the same reference to, and provision for reversion to the testatrix ’ residuary estate. However, there was no paragraph contained in the will by which the testatrix disposed of her residuary estate and as a result the following questions are posed. Did the testatrix by paragraph Eighth of her will effectively dispose of her residuary estate? Did the testatrix in paragraph Eighth of her will in referring to the ‘ ‘ balance of money which I may leave ” mean only cash or currency on hand or in banks at the time of her death, or did she by such term mean all moneys which might result from the sale of her stocks or other intangible personal property? Did intestacy result because of failure of the testatrix to include in her will a proper residuary clause by which she disposed of the entire balance of her estate?
The contention is made that the testatrix when she used the term ‘ ‘ balance of money which I may leave ’ ’ meant only cash or currency on hand at the time of her death. Opposed to this is the contention that the testatrix by paragraph Eighth of her will disposed of all the balance of her estate and that the said paragraph Eighth of the will is in fact the residuary clause of her will.
It is also advanced by way of conjecture that the testatrix intended in paragraph Twelfth of her will to dispose of her residuary estate, but inadvertently omitted same. It is not within the province of this court to conjecture or guess what the testatrix intended to include in her will. The instrument before us must speak for itself and the court will, if possible, determine the testatrix’ intent from a reading of the entire will and not from the reading of any isolated portion thereof. (Matter of Potter, 307 N. Y. 504; Matter of Evans, 234 N. Y. 42; Matter of Schliemann, 259 N. Y. 497; Matter of Neher, 279 N. Y. 370; Matter of Lally, 136 App. Div. 781, affd. 198 N. Y. 608.)
The circumstances and conditions surrounding the testatrix at the time of the execution of her will are also important as such circumstances may be taken into consideration in a construction proceeding as bearing upon her intent (Leland v. Hoke, *986 156 Misc. 494; Matter of Rossiter, 134 Misc. 837, affd. 229 App. Div. 730, affd. 254 N. Y. 583; Matter of Donovan, 153 Misc. 593, affd. 243 App. Div. 597; Smith v. Burch, 92 N. Y. 228).
At the time the testatrix made her will, it is alleged and not controverted that she had one Totten Trust savings account in which she had on deposit the approximate amount of $570. This savings account was in the testatrix’ name in trust for the executrix herein, who was the decedent’s sister. In addition to this, she maintained a brokerage account in which were held eight different securities for her account. Between the time she made the will and the time of her death, one of such securities was sold and the proceeds of this sale, amounting to approximately $4,500, were deposited in the savings account which she maintained in trust for her sister, the executrix, who has now taken possession of same. At the time of testatrix’ death she had in her possession cash and undeposited checks totalling $282.50, and there was a credit balance of $125 in her brokerage account representing dividends collected upon her securities.
When these circumstances are taken into consideration, it is apparent to this court that the decedent when she used the term “ balance of money which I may leave ” did not mean that the word “money” should be strictly construed as meaning only cash or currency on hand or in the banks. It is obvious that she contemplated that her securities would be sold in order to provide for payment of the prior bequests of $6,000 and this court therefore feels constrained to rule that by the word ‘1 money ’ ’ in this instance, the testatrix meant all cash and intangible personal property of which she died possessed and which she had not previously disposed of. In Smith v. Burch (supra) the court makes this significant statement (pp. 231-232): “ The meaning of the words ‘ money ’ and ‘ ready money, ’ when used in a will, depends upon the context, and also to some extent upon the condition of the testator’s property and the circumstances surrounding his estate; and in construing them, therefore, the courts seek for light in all the provisions of the will and in all the circumstances surrounding the testator and his estate, and it is their aim to give effect to the intention of the testator when that can be ascertained. The word ‘ money ’ has sometimes been held to include securities, stocks, personal property, money in bank and money in the hands of agents, when the context and all the circumstances which were rightfully considered indicated such to be the intention of the testator. ” (See, also, Matter of Storm, 205 Misc. 1109; Matter of Mirick, 193 Misc. 211.) It is pertinent to note that our Legislature in enacting section 285 of the Surro *987 gate’s Court Act used the word “ money ” as inclusive of all personal property.
It is contended by the testatrix’ close next of kin that the testatrix by her failure to include a residuary clause in her will has created an intestacy as to the undisposed personal property, in her estate and that paragraph Eighth of the decedent’s will does not effectively dispose of such residuary estate. With this contention the court can only in part, agree. A reading of the entire will discloses to this court an intention on the part of the testatrix to divide her intangible personal property among the persons named therein as legatees of specific sums of money and the three persons named in paragraph Eighth of her will. If any of the persons named as legatees had predeceased the testatrix or if the testatrix between the time she made her will and died had acquired any tangible personal property which was undisposed of by the will, intestacy would have resulted as to such lapsed legacies and such tangible personal property which was not disposed of, due to the failure of the testatrix to include a residuary clause in her will. However, outside of such property, the testatrix in paragraph Eighth of her will effectively disposed of all cash and intangible personal property.
The case most heavily relied upon by the close next of kin of the decedent is Matter of Ladd (9 Misc 2d 885) which was decided by my learned colleague Surrogate Cox. That case is easily distinguishable from the case at bar. In that matter the decedent, an attorney, in separate paragraphs of his will gave specific legacies to two sons, his sister and friends. In another paragraph of his will he gave (p. 886) “ all moneys left over after payment of my debts and funeral expenses ” to another person. Paragraph Fifteenth of the will was in the form of a residuary clause with a blank space where the name of the residuary legatee should have appeared. My learned colleague in deciding the case found that there was an intestacy as to an interest which the decedent had in his uncle’s estate, since at the time the decedent made his will his uncle was still alive and he could not therefore have had this asset in mind when he drew his will. It is also to be noted that in the Ladd, case (supra) my learned colleague found that the term “ all moneys left over after payment of my debts and funeral expenses ” included an undeposited dividend check and accounts receivable of the testator which were collected by the executrix.
Submit order on notice construing the will accordingly.