Joseph Á. Cox, S.
The petitioner in the case at bar who is the general guardian of two infants named in the decedent’s will, seeks a construction of a paragraph in the said will which reads as follows: “To my grand-nephew Jimmie Rouen and to my grand-niece Jane Rouen I leave the rest of my income to be used to further their education in college. It is to be divided equally between the two Rouens, Jimmie and Jane.” The will is holographic and at the start thereof the decedent enumerates her assets consisting of stocks and savings accounts and states where they may be found. In the next paragraph, the first dispositive provision thereof, the decedent makes a gift of $100 to her sister and requests her to take care of the will. The first quoted paragraph appears immediately thereafter and in subsequent paragraphs the decedent makes several specific bequests. There is no residuary clause in the will and no disposition is made of the principal assets mentioned by the decedent from which the gift of income was apparently to be paid.
The careful enumeration and description of assets and the specific bequests made by the testatrix clearly establish that the testatrix intended to dispose of her entire estate. Indeed the mere making of the will raises a strong presumption that the decedent did not intend to die intestate. (Waterman v. Netv York Life Ins. & Trust Co., 237 N. Y. 293; Matter of Forde, 286 N. Y. 125.)
The case is somewhat analogous to those cases in which our courts decided that a gift of the “rest of my money”, or words of similar import, included and were intended as a gift of the entire residuary estate even though the property involved consisted of many items in addition to money such as stocks, bonds and other securities. (Smith v. Burch, 92 N. Y. 228; Sweet v. Burnett, 136 N. Y. 204; Matter of Robinson, 175 Misc. 433; Matter of Mirick, 193 Misc. 211; Matter of Anthony, 72 N. Y. S. 2d 478.)
This conclusion is buttressed by the sequence of the dis-positive provisions made by the testatrix. Immediately after making a gift of $100 to her sister, the testatrix said: “ To my grand-nephew * * * and my grand-niece * * * I *23 leave the rest of my income ’ It is significant that the words “ the rest of my income ” follows a listing of the assets and a general legacy of $100 out of those assets. The word “ income ” as used by this testatrix should not be strictly construed for words used by lay draftsmen are not used in any technical sense and have only such meaning as the words used convey to the users thereof. (Matter of Sanborn, 180 Misc. 122; Overheiser v. Lackey, 207 N. Y. 229.) To the testatrix who maintained herself and drew her livelihood from the stocks and savings accounts which she listed, these stocks and savings accounts may very well have constituted ‘ ‘ her income ’ ’. It is the opinion of this court, therefore, that the quoted paragraph constitutes the residuary clause of the will and that it was the intent of the testatrix to make an outright gift of her residuary estate to her grandnephew and grandniece.
Even if the word “ income ” were to be interpreted by this court in its strictest legal sense, the same conclusion would be reached.
In the case of Hatch v. Bassett (52 N. Y. 359, the Court of Appeals established the principle that 11 A general gift of the income, arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself.7’ This rule of law, although somewhat narrowed, has been repeatedly followed by our courts. (Matter of Sackett, 201 App. Div. 58; Cammann v. Bailey, 210 N. Y. 19; Matter of de Varona, 274 App. Div. 303; Matter of Tuck, 165 Misc. 359, affd. 256 App. Div. 971, affd. 281 N. Y. 697; Matter of Putnam, 112 Misc. 315.)
The identity of the infant James Rouen referred to by the testatrix as Jimmie Rouen cannot be questioned as his description and identification are complete and there can be no doubt that he was the person whom the testatrix intended to benefit. (Matter of Chambers, 112 Misc. 551; St. Luke’s Home v. Association of Indigent Females, 52 N. Y. 191.)