In the Matter of the Will of MARY B. HINDS, Deceased.
GERALD W. BRADLEY, as Executor of MARY B. HINDS, Deceased, et al., Appellants; GOODWILL INDUSTRIES OF BUFFALO, INC., Respondent.

Fourth Department, March 6, 1946.

*Albert W. Robbins* and *Donald D. Bentley* for appellants.

*Merton S. Gibbs* for respondent.

Love, J. In this proceeding for a construction of the will of Mary Banton Hinds, the question is whether the meaning of the words " all the monies of which I may die possessed " shall be extended to include stocks and bonds.

The will, after providing for payment of debts and expenses, reads:

" Second, All the monies of which I may die possessed I hereby give and bequeath to the Goodwill Industries of Buffalo, Inc., of Buffalo, New York, to be administered by the directors of said corporation in any manner in which they may deem advisable.

" Third, I hereby give and devise to the said Goodwill Industries of Buffalo, Inc., all my right, title and interest in and to my real property in the Village of Nunda, New York, consisting of a house and lot. Should the said Goodwill Industries of Buffalo, Inc. prefer cash instead of the real property, then and in that event I hereby empower my executor to sell said real property at public or private sale and upon whatever terms advisable. The monies so received from said sale to be given to the said Goodwill Industries of Buffalo, Inc. In either event the directors of said Goodwill Industries of Buffalo, Inc. may use said real property or the proceeds thereof in such manner or manners as they deem best.

" Fourth, All the rest, residue and remainder of my estate, including all my household goods, furnishings and my personal effects I give and bequeath to Mrs. Elsie Bradley of Castile,

New York, and ask that she choose from them whatever she may desire to keep and give the balance to the Goodwill Industries of Buffalo, Inc.''

Appellants claim that paragraph '' Second '' passes only the cash in bank and that the stocks and bonds pass to appellant, Elsie Bradley under the residuary clause.

Respondent claims that nothing passes to Elsie Bradley save household goods, furnishings and personal effects.

The general rule is that a simple bequest, in the absence of anything in the context to show that the word '' money '' is used out of its ordinary or popular signification, will not include personal estate in general, but will be confined to money strictly so called.

There is here no use of the word which calls for an extension of its meaning. (93 A. L. R. 514; *Matter of Hendrickson*, 140 App. Div. 388.)

The language of the '' Fourth '' clause is clear and unequivocal and does not permit of a construction to the effect that nothing but household goods, furnishings and personal effects shall pass. Those items were merely specifically mentioned as being part of the rest, residue and remainder of the estate.

The fact that a will contains an independent residuary gift negatives an intention to use the word '' money '' as meaning property. (93 A. L. R. 517.) A construction of a will which will practically cut off a residuary legatee is not to be made. (2 Davids on New York Law of Wills, § 758; *Matter of Thayer*, 86 Misc. 191; *Matter of Kimberly*, 126 Misc. 455.)

The will was prepared by an attorney and the primary meaning of the word '' money '' is the strict legal meaning in the sense that it is the meaning adopted by lawyers in drafting legal documents. Such a presumption does not exist in the case of a will drafted by a layman. (93 A. L. R. 516; *Matter of Feist*, 170 Misc. 497.)

It is our construction of this will that the Goodwill Industries of Buffalo, Inc., is entitled to the moneys in the account in the Erie County Savings Bank of Buffalo, N. Y., at the time of the death of testatrix, $726.05 in amount, under the '' Second '' paragraph of the will, and that Elsie Bradley is entitled to all remaining personal property, after paying therefrom all debts of the decedent and her funeral expenses and the expenses of administration of her estate, under the '' Fourth '' paragraph of the will.

The decree should be reversed, without costs, and the matter remitted to Surrogate's Court for the making of a decree in accordance herewith.

All concur, except HARRIS and LARKIN, JJ., who dissent and vote for affirmance in the following memorandum: With the views of the competent and experienced Surrogate, as expressed in 'his decision, we are in full accord. As far as this record discloses there is nothing to justify a conclusion that this will was drawn by a lawyer. Consequently there is no basis for applying the rule that the language of a will so drawn shall be read in the light of the common way in which words are used by experienced persons. The expression " my monies " is not infrequently heard when the speaker intends thereby to include securities and stocks, as well as money in the bank. In this particular will " All the monies of which I may die possessed " should be broadly, and not narrowly, construed. (*Matter of Robinson*, 175 Misc. 433, 434, citing *Smith* v. *Burch*, 92 N. Y. 228, 232, and *Manufacturers Nat. Bank* v. *United States F. & G. Co.*, 218 App. Div. 455, 458.) Reading the will as a whole, and giving proper weight to the fact that the testatrix ignored her blood relatives, it is reasonably clear that she intended the charitable corporation, Goodwill Industries of Buffalo, Inc., to be the recipient of practically all of her small estate. If, then, the word " monies " be given a restricted meaning, it will result in thwarting what seems to have been the plain intention of the testatrix.

Present — TAYLOR, P. J., DOWLING, HARRIS, LARKIN and LOVE, JJ.

Decree reversed on the law and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion, without costs of this appeal to any party.