In the Matter of the Construction of the Will of CHRISTIAN SVENDSEN, Deceased.

Surrogate's Court, Queens County, December 30, 1947.

*Starke & Cooke* for Viola Gunther, petitioner.

*McAdam & DeVito* for Esther Cusack, respondent.

SAVARESE, S.   On August 1, 1940, testator executed his will wherein he named his daughter executrix and disposed of his estate as follows:

" Second: I give and bequeath unto ESTHER CUSACK of No. 123–08 — 26th Avenue, College Point, Queens County, New York, and to my daughter, VIOLA GUNTHER, of Flushing, Queens County, New York, all of the moneys or cash of which I die seized, which shall include any and all moneys payable to my estate as pension or otherwise, by the City of New York, State of New York, United States Government or any Department thereof to be theirs absolutely and forever, share and share alike.

" Third: All the rest of my property, whether real or personal, and of whatever nature or kind, and wherever situated of which I may die seized, I give, devise and bequeath to my daughter, VIOLA GUNTHER, of Flushing, Queens County, New York, to be hers absolutely and forever."

He died on July 14, 1946, and in October thereafter his will was admitted to probate and his daughter qualified as executrix. Testator left personal property consisting of cash in banks of $1,110.52, death benefits and accumulated salary deductions payable by the City of New York in the sum of $3,725.15, accrued salary due from the city of $87.97, an automobile valued at $100, four United States Savings Bonds worth $80, a bond premium refund of $9.03 and an undistributed one-half interest, valued at approximately $15,000, in the residuary estate of his aunt who died testate on October 13, 1943. The legatee Cusack, who is unrelated to the testator, and his daughter differ as to what property he intended they should receive under the provisions of the second paragraph. The former asserts in her answer that he made a gift to her of one half of his personal property while the petitioning daughter contends that the only items of personal property to be shared between them are moneys or cash possessed by the decedent and moneys payable by the City of New York for death benefits and accrued salary. The controversy between the parties centers upon the meaning of the testator's words " all of the moneys or cash of which I die seized ".

The word " money ", standing alone, has been held to mean only that which passes current as money, including also bank deposits. But when read with the context it may have a more extended meaning and be held to mean any kind of personal property. (*Smith* v. *Burch,* 92 N. Y. 228.) In the *Matter of Hendrickson* (140 App. Div. 388) cases construing the word are reviewed. There the will contained a bequest to the testatrix' husband of " *money,* securities for money, evidence of debt and of title and accounts ". (Italics supplied.) The husband claimed that the meaning of the word " money " should be extended to include a residuary interest which his deceased wife was entitled to under the will of Cornelia H. Moore who had predeceased her. After concluding that none of the exceptions to the general interpretation of the term " money " was present in the case, the court at pages 394-395 said: " The testatrix was careful in the choice of the terms she used to designate the various classes of property which she gave to her husband and daughter. Her

will contained a general residuary clause both of realty and personalty into which no personalty would fall if the term ' money ' is to be extended as is contended for by the respondent. There is nothing in the context to indicate that testatrix intended any extension of the usual meaning of the word. The wording of the residuary clause is clear intimation to the contrary. There were no circumstances existing *dehors* the will at the time of its making which called for any extension of the meaning, for the fund in question was not in existence, nor could its future existence have been expected or foretold. It follows, therefore, that the sums received from the Moore estate being the proceeds of what was, at the time of Mrs. Studley's death, a mere chose in action, do not come within the scope of the term ' money ' as used in the 3d clause of her will, and, therefore, became and are a part of the residuary estate under the 5th clause thereof." In *Matter of Hinds* (270 App. Div. 408; 409, affd. 296 N. Y. 648) the question involved was whether the words " All the monies of which I may die possessed " should be extended to include stocks and bonds. The court there said (p. 410): " The general rule is that a simple bequest, in the absence of anything in the context to show that the word ' money ' is used out of its ordinary or popular signification, will not include personal estate in general, but will be confined to money strictly so called. * * * The fact that a will contains an independent residuary gift negatives an intention to use the word ' money ' as meaning property. * * * A construction of a will which will practically cut off a residuary legatee is not to be made." The court accordingly held that the legatee took only money and that the remaining personal property was disposed of by the residuary clause. Here the testator has used the words " moneys or cash " in their popular or ordinary meaning. What he had in mind was money on hand or on deposit. The only enlarged meaning which can here be given to the words is that which he expressly gave to them when he provided that they " shall include any and all moneys payable to my estate as pension or otherwise, by the City of New York, State of New York, United States Government or any Department thereof ". There is nothing in such direction which indicates that he intended to include an interest under the will of his aunt who died more than three years after the making of his will. The testator has specifically enumerated the articles of personal property which he intended the legatee Cusack to share with his daughter. Other than those mentioned he wanted the

remainder of his estate, both real and personal, to go to his daughter and only child, the natural object of his bounty. Included as property passing under the residuary clause is the testator's one-half interest in the residuary estate of his aunt. The property disposed of by the second paragraph to the legatees therein named is limited to cash on hand or in banks and moneys payable by the City of New York for death benefit and salary deductions and accrued salary, and any other moneys payable by the State or the United States or any department thereof. The case is not one where extraneous and parol evidence is admissible. (*Brown* v. *Quintard*, 177 N. Y. 75, 83; *Matter of Lynn*, 175 Misc. 441.) Nor is it necessary that construction be deferred to await an accounting. The formal motion made by the respondent to receive extrinsic evidence and to defer construction is denied. Submit decree construing the will accordingly, on notice.