In the Matter of the Accounting of Francis E. Drake, Jr., as
Executor of Gurden B. Edwards, Deceased.

Surrogate's Court, Monroe County, November 21, 1949.

*Arthur V. D. Chamberlain* for executor, petitioner.

*George C. Gordon, III,* for Loretta V. Smithlin, respondent.

Witmer, S. Upon this judicial settlement proceeding respondent, Loretta V. Smithlin, claims that by virtue of paragraph
" Second " of the will she is entitled to share equally in the
proceeds of a certain life insurance policy paid to testator's
estate in the sum of $2,749.10. It is the petitioner's view that
such proceeds pass under the residuary clause, to wit, paragraph
" Ninth ", in which Dorothy Edwards Drake, wife of petitioner, is named as sole beneficiary. After making the usual
provision in the first paragraph for the payment of debts and
funeral expenses, the testator provided: " Second,— Such
remaining funds, in cash or on deposit in my several bank

accounts, shall be divided equally between my daughter, Dorothy Edwards Drake and Loretta V. Smithlin in remembrance of her long and devoted care of me."

Respondent contends that, except for the specific bequests contained in paragraphs " Third ", " Fourth ", " Fifth " and " Sixth " of the will, testator meant to divide his entire estate equally between her and Dorothy Edwards Drake, under said paragraph " Second ", or at least meant to include in said paragraph the proceeds of the life insurance policy. Respondent supports this argument with authorities to the effect that the word " funds " includes the corpus of the estate, and not merely cash and deposits. Under the will in this case, however, it is apparent that the word " funds " has no such broad meaning.

The plan of the will is such that paragraph " Second " is clearly not designed as a residuary clause. It precedes several paragraphs of specific bequests, and itself constitutes specific bequests of his remaining cash and bank accounts to the legatees therein named. Moreover, the language employed specifies the " funds " referred to, so as to make inapplicable the general authorities cited by respondent to show that the word " funds " may include all estate assets. The provision reads: " Such remaining *funds, in cash or on deposit in my several bank accounts,* shall be divided equally ". (Italics supplied.) The life insurance policy at the moment of testator's death constituted a chose in action payable to his estate. It was not " cash or on deposit in my [testator's] several bank accounts ". Furthermore, respondent's attorneys state that, apart from the property specifically bequeathed, testator had virtually no assets besides the cash, bank accounts and life insurance. The tax deposition supports this statement. Under such circumstances, the construction sought by respondent would nullify the residuary clause. In the absence of compelling reasons, such a construction is not to be made. (*Matter of Hinds,* 270 App. Div. 408, 410, affd. 296 N. Y. 648.) As used in this case the word " funds " in paragraph " Second " is limited to testator's cash and deposits in his several bank accounts, and does not include the insurance proceeds, which, therefore, pass under paragraph " Ninth " of the will.

Submit decree accordingly.