McCulloch *v.* McCulloch.

5-2172                          337 S. W. 2d 870

Opinion delivered September 12, 1960.

*D. A. Bradham* and *Stanley E. Price,* for appellants.

*Max M. Smith,* for appellees.

Paul Ward, Associate Justice. This appeal involves the disposition of United States Series E Bonds by a testator. The trial court held that the bonds were included in the word "cash", and this appeal follows.

Robert McCulloch executed his will on October 14, 1939 and died, testate, January 11, 1949. Certain legatees filed a petition in the Probate Court in July 1949 asking

to have the will construed. A final determination was not made by the Probate Court until September, 1958, but the executors in the meantime administrated the estate and kept the assets practically intact.

The subject will, in all essential parts reads as follows:

". . ., first I direct that all my just debts be paid out of my estate, second I give Finch McCulloch and Luciel McCulloch my home place consisting of one hundred (105) and five acres more or less, Second I give to Finch McCulloch and Luciel McCulloch all my personal property Store and goods therein and all accounts due me except *money* to my Grandaughter Ella May Parrott I give the sum of one hundred dollars to Irine McCulloch I give the sum of one hundred dollars to Florence McCulloch I give the sum of one hundred dollars to Luciel McCulloch I give the sum of Five Hundred dollars all remaining *cash* to be divided equally between Finch McCulloch James R. McCulloch Lydia Parrott and Luciel McCulloch. I hereby appoint James R. McCulloch and Finch McCulloch sole executors of this Will without bond." (Emphasis supplied.)

It was stipulated and agreed by all parties that the assets of the estate (with the amounts and valuations calculated at the time of the final order of the Probate Court in 1959) consisted of the following:

(a) The home place, 103.50 acres, value $2,000.00
(b) Household goods, value 119.00
(c) Farm equipment, value 38.00
(d) Deposits in New Edinburg Bank 717.12
(e) Deposits in Merchants & Planters Bank 1,575.40
(f) Deposits in Warren Bank 1,507.26
(g) Five Series E Bonds, maturity value 3,600.00
(h) Three notes signed by James McCulloch (amount and disposition not in dispute).

The testator was survived by two sons and two daughters; James R. McCulloch, Finch McCulloch,

Luciel McCulloch and Lydia (McCulloch) Parrott, all of whom are beneficiaries under the will. He was also survived by three grandchildren; Ella May Parrott, Florence McCulloch and Irine McCulloch, all of whom are likewise beneficiaries.

The proof shows, and it is not here disputed, that: (a) the store and its contents were owned by the testator at the time the will was made but were disposed of by him before his death in 1949; and, (b) the testator did not own the Series E Bonds at the time the will was made but purchased them in his own name before his death.

This litigation arises over the ownership of the Series E Bonds. It was and is the contention of Finch McCulloch and Luciel McCulloch that these bonds belong to them by virtue of the language in the first part of the will. In other words, these appellants contend that the said bonds constituted personal property and should not be classified as *cash*. On the other hand appellees contend that the said bonds should be treated as cash the same as the bank deposits. As so classified, appellees contend that the proceeds of the E bonds should ''be divided equally'' between the children of the testator under the latter portion of the will. It will be seen therefore that this contest is between Finch McCulloch and Luciel McCulloch (appellants herein) who claim all the proceeds of the said E bonds, and James R. McCulloch and Lydia (McCulloch) Parrott (appellees herein) who contend that they should each receive ¼ of the proceeds of the said E bonds.

The trial court, in a somewhat comprehensive opinion dated September 9, 1958, among other things found; that the store and its contents had been sold prior to the testator's death and that this bequest to the appellants lapsed; that the only question is, does the words ''personal property'' in the will necessarily include the E bonds; that said bonds were not transferable and can only be cashed and the proceeds transferred; that the E bonds were purchased by the testator after the will was executed, and since the testator did not make the

bonds payable to appellants he thereby indicated an intent to treat the bonds as cash, and; the E bonds should be distributed equally among the appellants and appellees. (The ............... judge was not surviving when these findings were made.)

After careful consideration we have arrived at the conclusion that the result reached by the learned Chancellor cannot be sustained. Although we have received little assistance from our own decisions cited in the briefs or revealed by our own research, other authorities appear to be harmonious to the effect that ordinarily the word "cash" does not include bonds. Set out below are pertinent excerpts from some of the many authorities examined.

In *Jordan* v. *Chamberlain et al*, 46 Cal. App. 2d 16, 115 P. 2d 235, in construing a will the court said:

"In the instant case there is nothing to indicate that the decedent intended that the word 'cash' be used in any other or different sense from that which ordinarily attaches to it. Cash is 'current money in hand or readily available'."

In that same case, the court cited with approval: " 'Cash' means especially 'ready money' at command, subject to free disposal; not tied up in a fixed state. It is almost equivalent to the term 'loose money'." The Supreme Court of New Mexico, in *Hanny* v. *Joyce et al*, 37 N. M. 569, 25 P. 2d 806, in dealing with the allowance of fees of an administrator, stated (at page 573) : "The trial court also announced the view that government bonds were to be deemed 'cash' within the meaning of the statute. We think the statute incapable of such interpretation." In the matter of *In re Feist's Will*, 170 Misc. 497, 10 N. Y. S. 2d 506, where a will was being construed, the court said: " 'Cash' means especially 'ready money' at command, subject to free disposal; not tied up in a fixed state." Similarly in *In re Hinds' Will*, 270 App. Div. 408, 61 N. Y. S. 2d 748, we find the court holding that "money" did not include stocks and bonds.

We do find however that there are circumstances under which the courts are inclined to give a broader meaning to the word "cash" than is indicated above. One circumstance is where other language in the will would indicate such broader meaning but we find no such language in the will under consideration here. The other circumstance is where a part of the testator's estate would be undisposed of by the will unless a broader meaning is given to the word "cash". See: *In re Feist's Will, supra, In re Hinds' Will, supra,* and *Campbell* v. *St. Joseph's Industrial School,* 30 Del. Ch. 84, 53 A. 2d 768. But this circumstance is not found in McCulloch's will. Regardless of whether we accept the view of appellants or the view of appellees all his property is disposed of by the will.

We recognize the wholesome and well established rule of construing a will so as to carry out the intentions of the testator. However, we find very little in this will to reveal McCulloch's intentions. If any intention at all is revealed it could well be to give the bonds to appellants. We refer to the fact that he gave appellants the store and its contents, but these items were disposed of before his death. It could be reasonably inferred that he intended them to have the bonds in the place of the other items. We see no force in the argument that McCulloch would naturally want to treat all his children alike, and, therefore, intended to divide the bonds equally among them. This argument is refuted by other terms of the will which are not challenged.

For the reasons heretofore set forth the decree of the trial court is reversed.

HARRIS, C. J., and GEORGE ROSE SMITH, J., not participating.