**James FOY et al., Appellants,**

**v.**

**Eagan CLEMMONS et al., Appellees.**

**No. 16105.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 1, 1963.

Rehearing Denied March 1, 1963.

Cantey, Hanger, Johnson, Scarborough & Gooch, Jack C. Wessler and Sloan B. Blair, Fort Worth, for appellants.

Baldwin & Baldwin, Marshall, and Turner, Rodgers, Winn, Scurlock & Terry, and Lon Sailers, Dallas, for appellees.

BATEMAN, Justice.

This is a suit to construe the last will of Ida R. Cook deceased, and the sole question presented is whether there is a valid residu-

ary clause contained in the will or whether the decedent died intestate as to all of her property not specifically disposed of by the will. The will in its entirety is as follows:

"STATE OF TEXAS
"COUNTY OF DALLAS

"I, Mrs. Ida R. Cook, of Dallas, Dallas County, Texas being of full age and sound mind and memory, and fully realizing the uncertainty of life and the certainty of death and being desirous of settling my worldly affairs while I possess the capacity and strength to do so, hereby make and declare this my last will and testament, hereby revoking all other wills heretofore made by me, that is to say:

"FIRST: I want my home at 5006 Reiger Ave sold and the money placed in the First National Bank in Dallas.

"SECOND. I direct that the expenses of my last sickness, including the expenses of my funeral to be paid first, then all of my just debts be paid in full. I want the Guardian Funeral Home to care for my body after death. I want Mr. S. C. Bovell to draw out of the home sale, all expenses he has made and a gift of Five Hundred Dollars for his tender care of me for many years. I wish Howell G. Foy to have Four Hundred Dollars and Mary Lou Blanchard to have One Hundred Dollars. I wish Francis Johnson, the little girl I raised, now Mrs. Harry M. Johnson, living at 5500 Harcourt Ave, Los Angeles 43, Calif. to have Three Hundred Dollars. Lucy Foy and Edward Long are each to have One Hundred Dollars. Fifty Dollars is to go to each of the following: Robert Baker Bertch, James Foy, Jr., Yvonne Foy, Harriett Louise Bretch's son, and Howell G. Foy's unborn child. Fifty Dollars to Mrs. S. C. Bovell for her loving kindness and tender care. Twenty Five Dollars to Nathan Adams for the crippled Children's Hospital. Katie McDonald is to have the Ice Refrigerator and a rocking chair that is in her room.

My writing desk goes to James Foy, Jr., and my cedar chest to Yvonne Foy. The remainder of the furniture and all else in my house goes to my sister, Hattie Foy. If there is sufficient money left, I want Two Hundred Dollars to go to the old Marshall Cemetery for the upkeep of the lots for my mother, father and myself. All remaining money goes to my sister Hattie Foy in trust to be evenly divided among her four children at her death.

"THIRD. In case there should be complaint or dissatisfaction among the ones mentioned in this will, I direct that he or she forfeit all right to participate in the distribution of any property herein bequeathed.

"FOURTH. I hereby appoint Mr. S. C. Bovell executor of this my last will and testament, and direct that no bond be required of him and that no action be had in the probate court under this will other other than the filing of an inventory and appraisement and list of claims as required by law.

"In testimony of all of which I hereunto set my hand at Dallas, Texas in the presence of Mrs. Hattie Foy and Katie McDonald, Witnesses, this 27th day of September, 1945.

"(Signed)　　Ida. R. Cook

"The above and foregoing will and testament of Ida R. Cook is now here, at the request of said Ida R. Cook and in her presence, witnessed by us in the presence of each other, and we at the request aforesaid, hereto subscribe our names as witnesses in the presence of said Ida R. Cook and in the presence of each other, this 27th day of September, 1945.

"(Signed)　　Mrs. Hattie Foy
"(Signed)　　Katie McDonald

"STATE OF TEXAS
"COUNTY OF DALLAS

"BEFORE ME, a Notary Public in and for Dallas County, Texas, on this day personally appeared Ida R. Cook,

known to me to be the person whose name is subscribed to the foregoing instrument.

"GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the 27th day of Sept., A.D., 1945.

> "Notary Public in and for Dallas County, Texas
> "(Signed)   Hazel D. Morrow
> "(NOTARY SEAL OF DALLAS COUNTY)

"My Commission Expires:

"June 1, 1947

> "(Typed) Hazel D. Morrow, Notary Public in and for Dallas County, Texas."

The court below in a non-jury trial held the will to be unambiguous and that the sentence, "All remaining money goes to my sister Hattie Foy in trust to be evenly divided among her four children at her death," bequeaths and deals with money in its usual and ordinary sense and meaning, and refers to money as such and in no way disposes of or deals with any other character of property, real or personal.

The appellants are the four children of Hattie Foy and contend that the above quoted sentence in the will constitutes a residuary clause under which they are entitled to all of the estate of Ida R. Cook not specifically disposed of by her will. The appellees are the descendants of other brothers and sisters of Ida R. Cook and contend that she died intestate as to all of her property not specifically disposed of by her will and that such property passed to her heirs at law.

The inventory and appraisement filed in the probate courts shows only the home at 5006 Reiger Ave. valued at $4,500; household furniture valued at $210; and cash in bank $13.70.

■ To begin with, the cardinal rule of construction of wills is that the intent of the testator shall be first ascertained if it can legally or reasonably be done.  44 Tex.Jur. 680 WILLS, § 134.  The rule is

that if the will is unambiguous the testator's intention must be ascertained from the language used within the four corners of the will, unaffected by any assumption or inference based upon extraneous circumstances. 44 Tex.Jur. 686–7, 710.

■ We agree with the trial court that the will is unambiguous and properly construable as a matter of law without considering any extraneous facts or circumstances.  It is clear that when the testatrix used the word "money" in the clause in question she used it in the usual and ordinary sense, as held by the trial court.  Heinatz v. Allen, 147 Tex. 512, 217 S.W. 2d 994; Weathers v. Robertson, Tex.Civ. App., 331 S.W.2d 87, err. ref. n. r. e.; Wolkewitz v. Wood, Tex.Civ.App., 216 S.W.2d 611, err. ref.; Fain v. Fain, Tex. Civ.App., 335 S.W.2d 663, err. ref.; Zahn v. National Bank of Commerce of Dallas, Tex.Civ.App., 328 S.W.2d 783, err. ref. n. r. e.; Christ's Home v. Mattson, 140 N.J. Eq. 433, 55 A.2d 14, 173 A.L.R. 651.

The judgment appealed from is

Affirmed.