*766 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed and the decree of the Surrogate’s Court reinstated, with costs to all parties appearing separately and filing separate briefs payable out of the estate.
 The Appellate Division correctly determined that respondent Farone Foundation having participated in the proceedings before the Surrogate would be bound by the Surrogate’s construction of decedent’s will (SCPA 1420 [4]) and would be “aggrieved” by a determination that reduced the size of the residual trust of which it was a remainderman (CPLR 5511; Auerbach v Bennett, 64 AD2d 98, mod on other grounds 47 NY2d 619), and thus had standing to prosecute an appeal to that court. The court erred, however, in determining that the phrase “cash on hand” as used in paragraph “sixth” of the decedent’s will did not include moneys on deposit in a checking account at the Wilber National Bank. As correctly observed by the Surrogate the phrase “cash on hand” has been interpreted by many courts of this State to include funds in bank accounts that may be drawn on demand (see, Matter of Feist, 170 Misc 497; Matter of Sterling, 27 NYS2d 36; Matter of Hinds, 270 App Div 408; Matter of McKendrie, 150 Misc 665). In McKendrie, the court said (p 667) “the broad meaning of the word ‘cash’ has been held to include bank deposits * * * [a]nd to mean money which the owner has on hand, or subject to his right of immediate possession.” It appears that this is a commonly understood phrase in both the legal and business communities of which the testator was a prominent member. The testator apparently drafted the will; thus “its wording can be read in the light of the common way in which such terms are used by experienced persons of affairs” (Matter of Feist, 170 Misc 497, 498, supra).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum.
Order insofar as appealed from reversed, etc.